43302.   BENSON v. AIKEN et al.

ARGUED JANUARY 8, 1968—DECIDED FEBRUARY 14, 1968.

*Joseph B. Bergen,* for appellant.

*Bennet, Gilbert, Gilbert & Whittle, John M. Gayner, III, Alaimo & Taylor, Anthony A. Alaimo,* for appellees.

EBERHARDT, Judge. ■ An appeal to this court lies only from some appealable judgment, ruling or order; it will not lie from a verdict. *Interstate Fire Ins. Co. v. Chattam,* 222 Ga. 436 (150 SE2d 618); *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674); *Mundy v. Mundy,* 114 Ga. App. 788 (152 SE2d 831). Consequently, the question now before us is whether the judgment of February 25, 1967, is sufficient as the basis for an appeal.

We conclude that it is. In our judgment the trial judge correctly concluded that the effect of the judgment was to make the verdict of the jury the judgment of the court, bringing an end to the litigation, and affording the defendants all of the relief to which they were lawfully entitled thereunder. Since there was no award of either money or property to the defendants by the verdict, but simply a denial of the plaintiff's claim against them, we perceive no addition necessary to the judgment to give it effect or to make it the judgment of the court on the verdict. No form for such a judgment is prescribed by statute, and strict formality is not essential to the validity of a judgment, but if the record is sufficient in substance mere want of technical terms will not render it either void or voidable. *McWilliams v. Walthall,* 65 Ga. 109. Every presumption is in favor of the validity of the judgment when rendered by a court having jurisdiction of the subject matter and of the parties, as was the case here. *Mitchell v. Arnall,* 203 Ga. 384 (47 SE2d 258). We must conclude that it was the purpose of the judgment of February 25 (as is recited in the order declining to enter a further judgment) to make the verdict of the jury the judgment of the court. It was thus a final judgment from which an appeal would lie.

■ Plaintiff misjudged the matter in withdrawing his notice of appeal from that judgment, seeking another and appealing from the order denying his motion for entry of another, rather than appealing from the first judgment. Having already entered a final judgment on the verdict, there was no error in declining to enter another.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*