## 55876, 55877. BURNETT v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al.; and vice versa.

SHULMAN, Judge.

Mrs. Burnett filed suit against five parties defendant to recover damages for the wrongful death of her husband. On August 2, 1977, the trial court granted summary judgment in favor of one of the defendants, American Mutual Liability Insurance Company (hereinafter "American Mutual"). This order was not appealed as provided for in Code Ann. § 81A-156 (h). At a later term of court, on November 11, 1977, plaintiff made a "Motion to Revise the Order of August 2, 1977," on the ground that a copy of the August 2, 1977, order had not been received. On January 23, 1978, the August 2, 1977, summary judgment order entered in favor of American Mutual was ordered stricken and "set aside, vacated and [of] no effect." On January 24, 1978, the trial court again entered summary judgment in favor of American Mutual.

1. In a cross appeal, American Mutual submits that the trial court erred in granting Mrs. Burnett's motion to revise and vacate the summary judgment in its favor. We agree.

Cross appellee Burnett argues that Code Ann. § 81A-154 (b) authorized the trial court's January 23, 1978, order.

That section provides as follows: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Mrs. Burnett asserts that because the August 2, 1977, order granting the summary judgment adjudicates the rights of fewer than all parties and contains no express direction that a partial final judgment be entered, the order is subject to revision *at any time* before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties.

The interpretation urged by cross appellant is untenable. The plain language of Code Ann. § 81A-154 (b), allowing revision at any time, applies only to interlocutory orders, not final judgments. Since the August 2, 1977, grant of summary judgment was a final judgment as between Mrs. Burnett and American Mutual (see *Culwell v. Lomas & Nettleton Co.,* 145 Ga. App. 519, 521 (244 SE2d 61) and *Bozard v. J. A. Jones Const. Co.,* 146 Ga. App. 877), Rule 54 (b) is inapplicable. As to a final judgment, the rule limiting the power of courts over their judgments to the term at which they were entered applies. *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715 (240 SE2d 100), revd. on other grounds, 241 Ga. 343 (245 SE2d 297). See also *Bowen v. State,* 144 Ga. App. 329 (241 SE2d 431); s. c., 239 Ga. 517 (238 SE2d 62). The trial court's authority to change its judgment ended with the term in which it was entered. *C & S Nat. Bank v. Burden,* 145 Ga. App. 402 (244 SE2d 244). Mrs. Burnett's motion to revise also fails as a motion authorized under Code Ann. § 81A-160. Id., Division 2. See also *American Mut. Liab. Ins. Co. v. Satterfield,* 88 Ga. App. 395 (2) (76 SE2d 730).

The trial court committed reversible error in granting cross appellee's motion to revise which was made after term. All further proceedings in the trial court were, therefore, a nullity. See *Haraszti v. Feathers,* 141 Ga. App. 253 (233 SE2d 242).

2. The question raised by the cross appeal is dispositive of this case. The main appeal seeks to contest the void January 24, 1978, summary judgment order and therefore presents nothing for consideration.

*Appeal dismissed in Case No. 55876; judgment reversed in Case No. 55877. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 22, 1978 — DECIDED SEPTEMBER 7, 1978 — REHEARING DENIED SEPTEMBER 25, 1978 — ▮

*Jessee, Ritchie & Duncan, George E. Duncan, Jr., Barry L. Roseman,* for appellant (Case No. 55876).

*Greene, Buckley, DeRieux & Jones, Frank E. Jenkins, III, Hansell, Post, Brandon & Dorsey, Hugh E. Wright, Carroll, Greenfield & Poole, John W. Greenfield, Long, Weinberg, Ansley & Wheeler, Meade Burns,* for appellees (Case No. 55876).

*Frank E. Jenkins, III,* for appellant (Case No. 55877).

*George E. Duncan, Jr., Hugh E. Wright, John W. Greenfield, Meade Burns, Barry L. Roseman,* for appellees (Case No. 55877).