58248, 58436. HARDY et al. v. GEORGIA POWER COMPANY (two cases).

McMURRAY, Presiding Judge.

Both of these appeals arise from a single condemnation case initiated by Georgia Power Company to acquire real property in fee simple for the construction of its Rocky Mountain Project in Floyd County. Case No. 58436 was originally filed in the Supreme Court and transferred to this court pursuant to an order of that court. Case No. 58248 was filed in this court.

A special master was appointed by the superior court and conducted hearings and made findings which were fully reported to the court. After the filing of these findings a number of the condemnees filed an appeal from the amount of the special master's award to a jury for a de novo determination in the superior court. Condemnees also filed their exceptions to the return of the special

master. The superior court entered an order approving and accepting the findings of the special master except for one issue regarding timber valuation which was remanded to the special master. The superior court then entered its judgment of condemnation ordering that the unencumbered fee simple title to the tract of land in question be condemned and title transferred to Georgia Power Company upon payment into the registry of the court of a stated sum. The issue of timber valuation, remanded to the special master, and the appeal as to valuation filed by a number of the condemnees remains pending. *Held:*

The case remains pending in the superior court. Also, it involves multiple parties, and there is no certificate for immediate review nor an express determination and direction pursuant to Code Ann. § 81A-154 (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049). These appeals are premature and must be dismissed. See *Fountain v. DeKalb County,* 238 Ga. 14 (231 SE2d 49) and *Housing Authority v. Baker,* 119 Ga. App. 109 (166 SE2d 437).

The result is not altered by the fact that one or more of the issues raised in Case No. 58248 involves an interlocutory injunction (See Code Ann. § 6-701 (a) 3 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758)). The notice of appeal does not show the order granting the interlocutory appeal as the order entitling condemnee to take an appeal. See Code Ann. § 6-802 (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495; 1973, pp. 303, 304). Nor would the appeal be timely if such were the case as the notice of appeal was filed more than 30 days after the entry of the order granting the interlocutory injunction, thereby requiring dismissal. See in this regard *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313).

*Appeals dismissed. Banke and Underwood, JJ., concur.*

ARGUED JULY 12, 1979 — DECIDED
OCTOBER 17, 1979.

*J. Corbett Peek, Jr., James Garland Peek,* for appellants.

*Karl M. Kothe,* for appellee.