64846. CHADWICK et al. v. MILLER et al.

CARLEY, Judge.

Appellant-plaintiffs, James and Kimberly Chadwick, are the children of Linda Chadwick who was killed in an automobile collision. The Chadwick children, by next friend, instituted a wrongful death action. The suit was brought against three defendants: Frix, Miller, and, ACCO Industries, Inc. (ACCO). The case was tried before a jury and a verdict for all three defendants was returned. Judgment was entered on the verdict on August 13, 1981, and appellants filed a timely motion for new trial as to all three defendants. The trial court subsequently granted appellants' motion for new trial as to defendant-Frix. The motion for new trial was denied, however, as to Miller and ACCO who are the appellee-defendants in the instant appeal. In denying appellants' motion for new trial as to appellees, the trial court made no express determination and direction pursuant to Code Ann. § 81A-154 (b). "[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Code Ann. § 81A-154 (b).

Appellants' notice of appeal in the instant case recites that they appeal "from only that portion of a judgment of the Superior Court of Forsyth County . . . dated, filed, and entered in favor of defendants . . . Miller and [ACCO] on the 13th day of August, 1981, and further appeal from only that portion of an order of the Superior Court . . . denying plaintiff's timely motion for new trial as to defendants . . . Miller and [ACCO]."

The threshold issue in the instant appeal is whether there is a final, appealable judgment. "Appeals may be taken . . . [w]here the judgment is final — that is to say — when the cause is no longer pending in the court below except as provided in Section 6-701.1 [discretionary appeals]." Code Ann. § 6-701 (a) (1). Code Ann. § 6-803 (a) provides in relevant part: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial . . . has been filed,

the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." The judgment entered on a jury verdict is a final, appealable judgment. See *Benson v. Aiken,* 117 Ga. App. 245 (1) (160 SE2d 453) (1968). Accordingly, in the instant case, the appellants had 30 days from August 13, 1981, within which to file a notice of appeal to this court from the entry of judgment on the jury's verdict for all three defendants. Appellants did not do so. Instead, they elected to file in the trial court a timely motion for new trial as to all three defendants. The effect of appellants' election in this regard was to suspend the appealability of the judgment entered on the jury's verdict pending final disposition of their motion for new trial. " 'A notice of appeal from the judgment, filed while a motion for new trial is pending, and unaccompanied by a proper certificate for immediate review, confers no jurisdiction in the appellate court and results in a dismissal of the appeal. [Cits.] . . .' [Cits.]" *Dept. of Transp. v. Rudeseal,* 148 Ga. App. 179, 180 (251 SE2d 11) (1978). The effect of the subsequent granting of appellants' motion for new trial as to defendant Frix was "to recall and annul the verdict upon which the judgment [for her was] based in order that there [might] be a new trial [as to her] of the issues . . ." *Weatherly v. Parr,* 74 Ga. App. 526, 531 (40 SE2d 445) (1946). Thus, appellants' motion for new trial having been granted as to defendant Frix, appellants' suit as against her stands " 'on the docket for trial at the next term as though no trial had been had . . .' [Cit.]" *Underwood v. Heath & Co.,* 64 Ga. App. 180 (2) (12 SE2d 464) (1940).

Thus, the order entered on appellants' motion for new trial is an adjudication of "fewer than all the claims or the rights and liabilities of fewer than all the parties . . ." Code Ann. § 81A-154 (b). This is true because the present procedural posture of the instant multiple-party case after the order on that motion was entered is that appellants' suit is still pending in the trial court below as against one defendant, Frix. Accordingly, the denial of appellants' motion for new trial as to the appellees — which would otherwise terminate the appellants' action against them and pursuant to Code Ann. § 6-803 (a) supply the necessary prerequisite of "finality" to the appealability of the judgment entered in their favor — did not, in the absence of the trial court's "express determination" and "express direction" with regard to finality, "terminate the action as to any of the . . . parties, and the order . . . is subject to revision at any time before the entry of judgment adjudicating . . . the rights and liabilities of all the parties." From the fact that the order denying the motion for new trial as to appellees did not terminate the action as to them and is subject to revision at any time before the entry of judgment adjudicating appellants' claims against defendant Frix it follows that the

judgment in favor of the appellees entered on August 13, 1981, is itself not a final judgment and the instant appeal must be dismissed. "The case remains pending in the superior court. Also, it involves multiple parties, and there is no certificate for immediate review nor an express determination and direction pursuant to Code Ann. § 81A-154 ([cit.]). [The appeal is] premature and must be dismissed. [Cits.]" *Hardy v. Ga. Power Co,* 151 Ga. App. 803, 804 (261 SE2d 749) (1979).

*Appeal dismissed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 4, 1983.

*M. David Merritt, Howard M. Lessinger,* for appellants.
*Arthur L. Myers, Jr., Wilbur C. Brooks, I. J. Parkerson,* for appellees.