72243. COBB COUNTY KENNESTONE HOSPITAL
AUTHORITY v. CRUMBLEY et al.
(348 SE2d 49)

SOGNIER, Judge.

Robert Crumbley brought this medical malpractice action for

himself and on behalf of his minor daughter for the alleged wrongful death of his wife, Cathy Crumbley, against Cobb County Kennestone Hospital Authority, d/b/a Kennestone Hospital (Kennestone), and John Wyant, M. D. The jury returned a verdict in favor of both defendants. Crumbley filed a motion for new trial which was denied as to Dr. Wyant and granted as to Kennestone. We granted Kennestone's application for discretionary appeal.

On June 6, 1982, Cathy Crumbley's daughter was born at appellant's hospital. Approximately 13 hours after the birth, and after she had rested, Cathy Crumbley requested that she be allowed to take a bath. A nurse accompanied her into the bathroom, ran a bath for her and told her to call if she had any problems. About twenty minutes later, the nurse discovered Cathy Crumbley collapsed next to the tub. Cathy Crumbley was resuscitated but had suffered irreversible brain damage and died several days later following the termination of life support systems.

Appellant contends the trial court erred by granting appellees' motion for new trial because there was no error in the trial court's charge to the jury. While ordinarily the first grant of a new trial will not be disturbed by this court, where, as here, the first grant of a new trial is based on a special ground involving a question of law, the trial court's order is reviewable on appeal. *Smith v. Telecable*, 238 Ga. 559, 560 (234 SE2d 24) (1977). The sole ground for the trial court's grant of a new trial was stated to be an error in the instruction to the jury as to the duty of care owed Cathy Crumbley by appellant. The trial court's entire charge on this point was as follows: "The mere failure by a hospital to furnish a constant attendant to a patient does not constitute negligence. It is not the law of this state that one patient is entitled to one attendant at all times. However, a hospital is under the duty to exercise such reasonable care in looking after and protecting a patient as to the patient[']s condition known through its agent charged [with] the duty of looking after and supervising the patient may require [sic]. This duty extends to safeguarding and protecting the patient from any known or reasonably apprehended danger from himself, which may be due to his condition to use ordinary and reasonable care to prevent it."

Appellees argue that the first two sentences of the above charge contain an incorrect statement of law and constituted an improper instruction to the jury that a particular act, i.e., failure to provide a constant attendant for Cathy Crumbley under the circumstances of this case, does not constitute negligence. We disagree. The charge is not an incorrect statement of law. *Hospital Auth., Hall County v. Adams*, 110 Ga. App. 848, 853 (140 SE2d 139) (1964). We recognize that a trial judge may not tell a jury what acts would or would not constitute negligence unless those acts are declared by statute to be negli-

gent. *Watson v. Riggs,* 79 Ga. App. 784, 785 (4) (54 SE2d 323) (1949); *Stone's Independent Oil v. Bailey,* 122 Ga. App. 294, 303-304 (7) (176 SE2d 613) (1970). However, in this case, a review of the entire charge demonstrates that the jury was carefully informed of the correct standard which they were to apply in determining whether appellant was negligent, that is, that appellant was required to exercise ordinary and reasonable care in looking after Cathy Crumbley. *Doctors Hosp. v. Poole,* 144 Ga. App. 184 (1 A) (241 SE2d 2) (1977). Contrary to appellees' argument, the charge did not remove from the jury the issue of whether, under the circumstances of this case, it was negligent for Cathy Crumbley to have been left unattended prior to her collapse. See *Blount v. Moore,* 159 Ga. App. 80, 83 (1) (282 SE2d 720) (1981). Therefore, because there was no error in the trial court's charge taken as a whole, see *Haynes v. Hoffman,* 164 Ga. App. 236, 237 (1) (296 SE2d 216) (1982), the trial court erred by granting appellees' motion for new trial as to appellant.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 7, 1986 —
REHEARING DENIED JULY 28, 1986 — 

*Roy E. Barnes, Thomas J. Casurella, Jeffrey G. Casurella, Jerry Landers,* for appellant.

*Robert J. Shields, Michael A. Young,* for appellees.