74283. CRUMBLEY et al. v. WYANT et al.
(360 SE2d 276)

CARLEY, Judge.

The issue presented for resolution in this case is one of appellate jurisdiction. That issue arises from the following set of facts: Appellant-plaintiffs brought a wrongful death action against appellee-defendants. The case was submitted to a jury and a verdict in favor of both appellees was returned. Appellants filed a timely motion for new trial as to both appellees. The trial court denied appellants' motion for new trial as to appellee Dr. Wyant but, with regard to appellee Cobb County Kennestone Hospital Authority (Kennestone), the trial court granted appellants' motion. The grant of a new trial as to appellee Kennestone was based solely on the giving of a jury charge which had been raised as a special ground of appellants' motion. The denial of appellants' motion for new trial as to appellee Dr. Wyant was not

certified as "final" pursuant to OCGA § 9-11-54 (b) but, pursuant to OCGA § 5-6-34 (b), the order granting appellants a new trial as to appellee Kennestone was certified for immediate review by the trial court. Appellee Kennestone's application to this court for an interlocutory appeal was granted. On the resulting appeal, this court reversed, holding that the giving of the jury charge did not constitute reversible error requiring the grant of a new trial to appellants as against appellee Kennestone. See *Cobb County &c. Auth. v. Crumbley*, 179 Ga. App. 896 (348 SE2d 49) (1986). Appellants applied to the Supreme Court for a writ of certiorari, but that application was denied.

After their application for writ of certiorari had been denied, appellants then filed their notice of appeal in the trial court. In their notice, appellants stated that they were appealing from the judgment which had been entered by the trial court on the jury verdict in favor of both appellees. Appellants' notice of appeal further stated that the denial of their motion for new trial as to both appellees had not become "final" so as to render the underlying judgment in favor of appellees an appealable order until such time as the Supreme Court had denied their application to review the holding in *Cobb County &c. Auth. v. Crumbley*, supra. In the trial court, appellees filed a motion to dismiss appellants' notice of appeal as untimely. In their motion to dismiss, appellees urged that the applicable 30-day period within which appellants were authorized to file such a notice of appeal had commenced to run on the day that the trial court had entered its order on appellants' motion for new trial. The trial court granted appellees' motion to dismiss. See generally *Jones v. Singleton*, 253 Ga. 41 (1) (316 SE2d 154) (1984); *Atwell v. Lane Co.*, 182 Ga. App. 813 (1) (357 SE2d 142) (1987). Appellants bring this appeal from the order of the trial court which dismissed their notice of appeal as untimely.

A discussion of the issue of this court's jurisdiction over appellants' appeal must begin with the entry of the judgment on the jury's verdict in favor of both appellees. "Appeals may be taken to the Supreme Court and the Court of Appeals from . . . [a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided [for discretionary appeals]." OCGA § 5-6-34 (a) (1). "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a). Thus, the judgment entered on the jury verdict in favor of both appellees was clearly a final, appealable judgment, and appellants had 30 days from the date of entry of that judgment within which to file a

notice of appeal therefrom. Appellants did not do so, but instead elected to file a motion for new trial as to both appellees. "The effect of appellants' election in this regard was to suspend the appealability of the judgment entered on the jury's verdict pending final disposition of their motion for new trial. . . . The effect of the subsequent granting of appellants' motion for new trial as to [appellee Kennestone] was 'to recall and annul the verdict upon which the judgment [for it was] based in order that there [might] be a new trial [as to it] of the issues. . . .'" [Cit.] Thus, appellants' motion for new trial having been granted as to [appellee Kennestone], appellants' suit as against [it stood] ' "on the docket for trial at the next term as though no trial had been had. . . ." [Cit.]' [Cit.]" *Chadwick v. Miller*, 165 Ga. App. 20, 21 (299 SE2d 93) (1983).

The grant of appellants' motion for new trial was clearly not a final order in the case so as to be directly appealable by appellee Kennestone. See generally *Gordon v. Gordon*, 236 Ga. 99 (222 SE2d 380) (1976). Moreover, neither the underlying judgment in favor of appellee Dr. Wyant nor the denial of the motion for new trial as to him was a final order in the case so as to be directly appealable by appellants. "[T]he order entered on appellants' motion for new trial [was] an adjudication of 'fewer than all the claims or the rights and liabilities of fewer than all the parties . . .' [OCGA § 9-11-54 (b)]. This is true because the . . . procedural posture of [this] multiple-party case after the order on that motion was entered [was] that appellants' suit [was] still pending in the trial court below as against one defendant, [appellee Kennestone]. Accordingly, the denial of appellants' motion for new trial as to [appellee Dr. Wyant] — which would otherwise terminate the appellants' action against [him] and pursuant to [OCGA § 5-6-38 (a)] supply the necessary prerequisite of 'finality' to the appealability of the judgment entered in [his] favor — did not, in the absence of the trial court's 'express determination' and 'express direction' with regard to finality, 'terminate the action as to any of the . . . parties, and the order . . . [was] subject to revision at any time before the entry of judgment adjudicating . . . the rights and liabilities of all the parties.' From the fact that the order denying the motion for new trial as to [appellee Dr. Wyant] did not terminate the action as to [him] and [was] subject to revision at any time before the entry of judgment adjudicating appellants' claims against [appellee Kennestone] it follows that the judgment in favor of [both] appellees entered on [the jury's verdict, was] itself not a final judgment. . . ." *Chadwick v. Miller*, supra at 21-22. Accordingly, both the order granting appellants a new trial as to appellee Kennestone and the order denying their motion for a new trial as to appellee Dr. Wyant were non-final and interlocutory orders and, as such, did not "otherwise finally [dispose] of [appellants'] motion" for new trial so as to render the under-

lying judgment in favor of both appellees final and directly appealable by them.

Nothing in this analysis is inconsistent with *Munday v. Brissette*, 113 Ga. App. 147 (2) (148 SE2d 55) (1966), rev'd on other grounds, 222 Ga. 162 (149 SE2d 110) (1966). Clearly, the denial of a motion for a new trial is itself a final, appealable order and, in addition, will serve to terminate the suspension as to the direct appealability of the underlying judgment, "[u]nless there is some additional factor which changes the definition of a final judgment. . . ." *Munday v. Brissette*, supra at 151 (2b). The enactment of OCGA § 9-11-54 subsequent to the decision in *Munday v. Brissette*, supra, constitutes an "additional factor which change[d] the definition of a final judgment" in those cases involving multiple claims or multiple parties. Pursuant to OCGA § 5-6-34 (a) (1), all "final judgments" — except those deemed to be discretionary pursuant to OCGA § 5-6-35 — are made directly appealable and, pursuant to OCGA § 9-11-54 (b), a definition of "finality" is established for those cases which involve multiple claims or multiple parties. It has long been recognized that OCGA § 9-11-54 (b) defines and controls "finality" for the purposes of determining appealability in actions involving multiple claims or multiple parties. *Chadwick v. Miller*, supra, was merely the first case in which this court was presented with an occasion for application of OCGA § 9-11-54 (b) in the context of the denial of a motion for new trial as to fewer than all those parties in a multiple party case against whom a new trial had actually been sought. Compare *A & D Barrel &c. Co. v. Fuqua*, 132 Ga. App. 827, 828 (1) (209 SE2d 272) (1974) (involving an appeal wherein a motion for new trial had been denied as to *all* parties in a multiple-party action against whom a new trial had been sought); *Guthrie v. Boose*, 134 Ga. App. 282, 284 (3) (213 SE2d 924) (1975) (wherein *no* appeal or motion for new trial had ever been filed as to all the parties in a multiple-party action). There is no basis for reliance upon *Burnett v. American Mut. &c. Ins. Co.*, 147 Ga. App. 269 (1) (248 SE2d 510) (1978) as authority for the proposition that *Chadwick v. Miller*, supra, misconstrued and misapplied OCGA § 9-11-54 (b). The *Burnett* decision was itself subsequently vacated and, consequently, is authority for no proposition whatsoever. See *Burnett v. American Mut. &c. Ins. Co.*, 149 Ga. App. 217 (254 SE2d 159) (1979). It is thus clear that, in the absence of an express determination and express direction pursuant to OCGA § 9-11-54 (b), the denial of a motion for a new trial as to fewer than all the parties against whom a new trial has actually been sought is not itself a final judgment, does not otherwise terminate the action even as to those in whose favor judgment has previously been entered, and is subject to revision at any time prior to the entry of a judgment as to all parties. Accordingly, the denial of a motion for new trial as to fewer than all

the parties against whom a new trial has actually been sought is not an order "otherwise finally disposing of the motion" so as to trigger the 30-day period established by OCGA § 5-6-38 (a) for the filing of a notice of appeal, unless and until there has been compliance with OCGA § 9-11-54 (b).

The non-final and interlocutory order granting appellants a new trial as to appellee Kennestone was certified for immediate review. The non-final and interlocutory order denying a new trial as to appellee Dr. Wyant was not certified by the trial court so as to authorize appellants to seek an immediate review thereof pursuant to OCGA § 5-6-34 (b), and there was no certification of that order as final pursuant to OCGA § 9-11-54 (b). Appellee Kennestone sought and secured permission to file an interlocutory appeal from the order granting appellants a new trial as to it. It is possible that upon appellee Kennestone's filing of its notice of appeal pursuant to this court's grant of its application seeking a review of the trial court's order granting a new trial as to it, appellants *may* have been authorized to file a cross-appeal, enumerating as error the trial court's failure to find merit in the remaining grounds of their motion for new trial as to appellee Kennestone. However, we know of no authority holding that appellants would be *required* to file such a cross-appeal. Appellants themselves would not be required to appeal from the actual rulings on their motion for new trial, but were authorized to appeal from the underlying judgment in favor of both appellees, if and when that judgment ever became final. In other words, appellants would be entitled to appeal from the underlying judgment if and when their motion for new trial as against both appellees was "otherwise finally dispos[ed] of. . . ." OCGA § 5-6-38 (a). We know of no reason why, rather than being required to file a cross appeal, appellants were not simply authorized to await resolution of appellee Kennestone's interlocutory appeal, so as to assess what effect that resolution might ultimately have on their own right to appeal the underlying judgment entered on the jury's verdict for both appellees.

As the result of this court's reversal of the grant of a new trial as to appellee Kennestone, appellants' motion for new trial had finally been denied as to both appellees. This court's order did not itself become final until appellants' application for a writ of certiorari was denied by our Supreme Court. Accordingly, it was not until the Supreme Court had acted that there was a final concurrence of a judgment in favor of both appellees *and* a denial of appellants' motion for a new trial as against both appellees. Thus, it was only then that the case could be said to no longer be pending in the court below as against either appellee in this multiple-party action and that the suspension to the direct appealability by appellants of the underlying judgment had finally been removed. At that time, the 30-day period

established by OCGA § 5-6-38 (a) for appealing from the underlying judgment entered in favor of both appellees was triggered. Appellants filed a notice of appeal within the applicable time period. It follows, therefore, that the trial court erred in granting appellees' motion to dismiss appellants' appeal as untimely.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 13, 1987 —
REHEARINGS DENIED JULY 24, 1987 — 

*Robert E. Shields, Michael A. Young,* for appellants.

*Thomas J. Casurella, Robert H. Cleveland, Y. Kevin Williams,* for appellees.