A95A2252. HENRY v. WATKINS.
(464 SE2d 215)

BIRDSONG, Presiding Judge.

This suit arises from personal injuries sustained by appellant/plaintiff Dominic M. Henry in an automobile collision. Appellant appeals the judgment entered following a jury verdict in favor of appellee/defendant Demetrice M. Watkins. Appellant was the passenger in a car driven by John Smith. Smith's car became entangled in a three-car collision; appellee was the driver of one of the other cars.

Appellant's sole enumeration is that the trial court erred in allowing a reference to be made during trial, by appellee's counsel, to

Kaiser Permanente (HMO), as such reference violated the collateral source rule. Prior to jury selection, appellant made a motion in limine to exclude any reference during trial to Kaiser Permanente, appellant's HMO, on the grounds that any such reference would constitute collateral source evidence; the trial court denied the motion. During cross-examination of appellant and appellant's medical witness Dr. Saba (who testified by way of deposition), appellee's counsel made various references to Kaiser Permanente HMO; however, no direct references regarding medical insurance were made. The jury initially rendered a verdict in favor of plaintiff but awarded zero dollars in damages. The trial court determined the verdict was inconsistent and returned the jury for further deliberation; the jury then returned a verdict in favor of appellee/defendant. *Held*:

1. Both appellant and appellee make reference in their briefs to the ruling of the trial court as to the initial verdict of the jury in favor of plaintiff for zero damages; the trial court held that such a verdict was inconsistent and would not accept the initial verdict. Compare *Peterson v. First Franklin Financial Corp.*, 201 Ga. App. 849 (412 SE2d 612). Appellant does not assign the trial court's ruling in an enumeration of error, and appellee did not cross-appeal and enumerate the ruling as error. Accordingly, the trial court's ruling as to this issue is not subject to review on appeal. See *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (2) (367 SE2d 272). Moreover, at trial, appellant/plaintiff expressly stated on the record that "we feel what the court did is appropriate as not reversible error and would oppose [appellee's] motion [that the trial judge receive the original verdict returned by the jury]." Subsequently, appellant took no exception to the form of the verdict when the jury returned its ultimate verdict in favor of the defense. Thus, this Court is confined to examine the error enumerated in light of the existence of a defense verdict.

2. Pretermitting whether the reference to Kaiser Permanente (rather than a by-name reference to a specific doctor at the HMO) constituted the admission of collateral source evidence is the issue whether the admission of collateral source evidence constitutes reversible error when a trial results in a defense verdict. We hold it does not. Collateral source evidence goes only to matters of damages or the measure of damages. See generally *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510) and progeny. Where an error in the giving of a charge or in the admission or exclusion of evidence relates only to the issue of damages, and the jury finds the defendant not liable, the error is harmless because it does not affect the verdict. Id.; *Dietz v. Becker*, 209 Ga. App. 678, 681 (3) (434 SE2d 103); *Pouncey v. Adams*, 206 Ga. App. 126, 127 (1) (424 SE2d 376); *Barnes v. Wall*, 201 Ga. App. 228, 230 (3) (411 SE2d 270) (physical precedent

only); cf. *Southern Bell Tel. &c. Co. v. Don Hammond, Inc.*, 198 Ga. App. 517, 518 (402 SE2d 112). Appellant invites us to speculate that the jury considered the mere mention of the name of Kaiser Permanente in determining the question of liability. "We will not engage in such unwarranted speculation regarding the conduct of the jury, as '(t)his court is a court for the correction of errors and its decision must be made on the record . . . and not upon the briefs of counsel.' [Cit.]" *Whelchel*, supra at 157; see also *Dimauro v. State*, 185 Ga. App. 524, 525 (364 SE2d 900).

Additionally, appellant introduced in evidence, as plaintiff's Exhibit No. 3, certain documents captioned Health Insurance Claims Forms for purposes of proving certain medical expenses. These forms, although not identifying appellant's health insurer, reflect on their face that appellant was an insured, and each form lists a claims number, insured's ID number, and employer's ID number. Thus assuming arguendo mere reference of appellant's receipt of medical treatment at Kaiser Permanente might have allowed the jury to infer appellant had health insurance, such evidence would be cumulative of the disclosure contained in plaintiff's Exhibit No. 3. Evidence is harmless where admissible evidence of the same fact is before the jury. *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 604 (4) (431 SE2d 383); *Platt v. Nat. Gen. Ins. Co.*, 205 Ga. App. 705, 710 (1) (423 SE2d 387).

For each of the above reasons, we find appellant's enumeration of error to be without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 31, 1995 —
RECONSIDERATION DENIED NOVEMBER 16, 1995 — 

*Morris & Sharp, Donald J. Sharp*, for appellant.
*Sharon W. Ware & Associates, Randy Howard, Kathryn A. Thurman*, for appellee.

