S01A0254. DYER et al. v. SOUTHER.
(548 SE2d 1)

FLETCHER, Presiding Justice.

A jury found that the 1987 will of Laura Blanch Dyer was not the product of undue influence. In this appeal, the caveators challenge the trial court's use of the phrase "definite tilt" in defining the pre-

ponderance of the evidence. Although we disapprove of the use of the phrase in instructing the jury, we conclude that the charge as a whole adequately expressed the burden of proof and affirm.

Laura Blanch Dyer died in 1994 leaving all of her property to her great nephew, Warren Christopher Souther, and then to his mother if he did not survive Ms. Dyer. Souther, the executor, filed a petition to probate her will, and Sonny Dyer and 16 other nephews and nieces filed a caveat. At the first jury trial, the trial court entered a directed verdict in favor of the propounder on the issue of undue influence and the jury returned a verdict in his favor on the issue of testamentary capacity. This Court concluded that the trial court erred in entering a directed verdict on undue influence and reversed.[1] On retrial, the jury again found for the propounder. This appeal is from the second jury verdict in Souther's favor.

1. The caveators contend that the trial court erred in charging the jury on the preponderance of the evidence. In the sixth paragraph defining preponderance, the trial court charged: "To satisfy the burden of proof by preponderance of the evidence, the scales must tilt or incline to one way or one side, not all the way, but there must be a definite tilt. In other words, it doesn't bounce back and forth. That's even. But if it's a definite tilt, then that's it."

Although taken from the preliminary instructions in the pattern jury charge,[2] the phrase "definite tilt" is problematic because it could be construed as requiring a substantial tilt towards one side. Under this interpretation, a party in a civil case would have a greater evidentiary burden to prove his or her case. Therefore, we disapprove of the use of the phrase "definite tilt" in instructing the jury and recommend its removal from the suggested preliminary instructions to the jury.

Despite our disapproval, there was no reversible error in this case. We conclude that the charge as a whole was fair and adequately explained the burden of proof and the evidence of undue influence was extremely weak.

2. The caveators also contend that the trial court erred in excluding evidence of the history and source of the Dyer home place and preventing the use of a family tree and title search report letter as demonstrative evidence. We conclude that the trial court did not abuse its discretion in its evidentiary rulings.

Contrary to the caveators' contention, the evidence showed how the testator obtained title to the family home place. The propounder introduced into evidence the 1937 warranty deed from Worth Dyer to

---

[1] See *Dyer v. Souther*, 272 Ga. 263 (528 SE2d 242) (2000).
[2] See I Suggested Pattern Jury Instructions: Civil Cases 3-4 (3d ed. 1991).

his unmarried siblings, Herman Dyer, Northa Dyer, and Blanche Dyer. That deed conveyed to them 93.9 acres of land that was described in a deed from Ora Dyer Collins, their mother, to Worth and Herman Dyer, their brothers. In addition, the propounder introduced the 1967 mutual will of Herman, Blanche, and Northa Dyer. As the survivor under that will, Blanche Dyer took a fee simple interest in all property owned by either Herman or Northa, including their undivided interests in the 93.9 acres.

Morever, several family members testified about the relationships among the 11 Dyer siblings, the nieces and nephews who filed the caveat, and the great nieces and nephews, including the propounder. Since there was direct evidence relating to the heirs at law of the testator, the trial court did not abuse its discretion in excluding the chart showing the family tree.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*Beltran & Associates, Frank J. Beltran, Douglas V. Chandler,* for appellants.
*Carey, Jarrard & Walker, Jack M. Carey,* for appellee.