A02A1042. SAWYER et al. v. CARDIOLOGY OF GEORGIA, P.C. et al.

A02A1043. CARDIOLOGY OF GEORGIA, P.C. v. SAWYER et al.

(575 SE2d 11)

POPE, Senior Appellate Judge.

Jewell Smith Sawyer, individually and as executor of her late husband, Horace's, estate appeals the jury verdict in favor of defendants Cardiology of Georgia, P.C. and Michael Gladson, M.D. For the following reasons, we reject her arguments and affirm.

On June 30, 1993, after being admitted to DeKalb Medical Center several days earlier, 88-year-old Horace Sawyer developed respiratory complications and died. His widow, individually and as executor of her late husband's estate, sued various entities involved in his care, including the Medical Center, Dr. Michael Gladson, and Cardiology of Georgia, P.C., for medical malpractice and wrongful death. All parties except for Cardiology of Georgia and Dr. Gladson resolved the case with Mrs. Sawyer in some manner and were dismissed before trial.[1]

As set forth in her pretrial order, Mrs. Sawyer claimed that her husband was admitted to DeKalb Medical Center for treatment of his recently agitated behavior, which was caused either by a senile dementia related to Alzheimer's or by multiple small strokes. She claimed that Mr. Sawyer's treating cardiologist, Dr. Rawls, an employee of Cardiology of Georgia, and Dr. Gladson, a psychiatrist, rendered substandard care during her husband's hospitalization. Specifically, she claimed that the defendants did not monitor the effects of the medications which were administered to Mr. Sawyer to avoid oversedating him; that they did not avoid the use of unnecessary sedative medications; and that they did not take appropriate steps to ensure his normal breathing ability and prevent him from aspirating foreign materials.

As set forth in the defendants' portion of the pretrial order, the defendants each claimed that they complied with the applicable standards of care. They claimed that expert witnesses supported their

---

[1] As set forth in the pretrial order, Dr. Rawls died in 1995 and his son William J. Rawls II was substituted as a party defendant to this action. Nonetheless, by the time of trial Rawls was no longer a party defendant.

theory that the medications were necessary, were ordered in appropriate dosages, and were appropriately monitored and that no further precautions could have been taken to prevent Mr. Sawyer from developing aspiration pneumonia. Finally, they claimed that Mr. Sawyer was treated appropriately once his pneumonia was identified.

The case went to trial against defendants Cardiology of Georgia and Gladson, and[2] after several days of trial, the jury returned a defendants' verdict. In Case No. A02A1042, Mrs. Sawyer appeals, and in Case No. A02A1043, Cardiology of Georgia cross appeals.

### Case No. A02A1042

1. Sawyer first argues that the trial court erred in excluding evidence that defense expert witness Robin Line, M.D., was a policyholder of the mutual insurance company which also insured Cardiology of Georgia. Assuming without deciding that this argument was properly preserved, it is controlled by our decision in *Chambers v. Gwinnett Community Hosp.*, 253 Ga. App. 25, 26 (1) (557 SE2d 412) (2002), cert. denied. Accordingly, this enumeration lacks merit.

2. Secondly, Sawyer claims that the trial court erred in ruling that evidence of medical board action against expert witness Dr. Horace Sawyer, Jr., who is also her son, would be admitted if he expressed a professional opinion in the case. Mrs. Sawyer filed a motion in limine to exclude the evidence regarding the suspension of Dr. Sawyer's medical license. According to Sawyer, the trial court concluded that this evidence could only be used for impeachment if Dr. Sawyer provided an expert medical opinion.

Despite Sawyer's arguments, the ruling to which she objects is not contained in the record before us, and there is nothing for us to review.

> When a party makes an objection but fails to have such objection preserved upon either the record or transcript of the evidence, such objection is not preserved for review, because this Court has nothing before it to review. In the absence of either record or transcript, this Court must presume the correctness of the ruling by the trial court.

*Hodge v. Lott*, 251 Ga. App. 288, 290 (1) (553 SE2d 652) (2001). Furthermore, Mrs. Sawyer did not make an offer of proof regarding what

---

[2] This is the second appearance in this court of this case. In *Sawyer v. DeKalb Med. Center*, 234 Ga. App. 54 (506 SE2d 197) (1998), this court reversed the trial court's grant of summary judgment to the Medical Center.

criticisms Dr. Sawyer would have testified to at trial, and for this reason also, we find no reversible error. Id. at 291 (2).

3. Sawyer argues that the trial court erred in striking testimony regarding her duty to reimburse Medicare and that it also erred in refusing to charge the jury regarding Medicare's right of reimbursement. This testimony would have been relevant only in connection with a jury determination regarding damages; the issue was never reached in this case because the jury found that defendants were not liable. Therefore, this cannot constitute reversible error. *Henry v. Watkins*, 219 Ga. App. 80, 81 (464 SE2d 215) (1995).

4. Sawyer also asserts three errors in the trial court's charge on burden of proof and preponderance of the evidence. She claims that the court erred in refusing to give two of her requested charges regarding the burden of proof; her requested charges stated that the slightest tilting of the scales in plaintiff's favor satisfied the burden of proof and that a moral and reasonable certainty is all that is required in weighing evidence. In a separate enumeration, she argues that the charge the court gave regarding the preponderance of the evidence was incorrect.

The court charged the jury that "[i]f you find that the weight of the evidence inclines your mind to one side of an issue rather than to the other, although some doubt may remain, then you may still find that the burden of proving that issue has been satisfied by a preponderance of the evidence, because it is not necessary to remove all doubt." The court then instructed: "to satisfy the burden of proof by a preponderance of the evidence, the scales must tilt, or incline to one side. Not necessarily all the way down, but there must be a definite tilt established." In addition, the court charged the jury that the term "preponderance of the evidence" meant "that superior weight of evidence upon the issues involved." The judge further instructed the jury that there was no requirement that the weight of the evidence completely free the mind from a reasonable doubt, but that the evidence "must be sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." The court had also given these instructions at the start of the trial.

We find no reversible error in the court's charge or in the court's decision not to give Sawyer's requested charges. Although the Supreme Court disapproved of the charge which used the phrase "definite tilt" in *Dyer v. Souther*, 274 Ga. 61, 62 (1) (548 SE2d 1) (2001), decided three days after the trial in this case concluded, the court did not find reversible error in that case. Rather, the *Dyer* court found that "the charge as a whole was fair and adequately explained the burden of proof." Id. at 62. Similarly, in this case no new trial is warranted because the given charge as in *Dyer* was fair and adequately explained the burden of proof.

5. In her final two enumerations, Sawyer argues that the court erred in refusing to give her requested charge regarding the intangible element of the full value of the life of the deceased and that the court erred in refusing to give her requested charge that a defendant takes an impaired plaintiff as he finds him.

We disagree. Again, with respect to the charge regarding the value of Mr. Sawyer's life, an alleged error in the failure to give the charge was harmless because the jury concluded that defendants were not liable. *Henry v. Watkins*, 219 Ga. App. at 81 (2). Similarly, the court's refusal to give the other requested charge was neither erroneous nor harmful. Moreover, we have reviewed the court's entire charge in the case and find that it was accurate, adjusted to the evidence, and did not mislead the jury. See generally *Kodadek v. Lieberman*, 247 Ga. App. 606, 609 (1) (545 SE2d 25) (2001).

### Case No. A02A1043

In its sole enumeration of error, Cardiology of Georgia claims that the trial court erred in denying its motion for directed verdict. Because of our conclusion in Case No. A02A1042, we will not address this argument.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 30, 2002 —
RECONSIDERATION DENIED DECEMBER 5, 2002.

*Joseph H. King, Jr.*, for appellants.
*Love, Willingham, Peters, Gilleland & Monyak, Jonathan C. Peters, Wesley C. Taulbee, Elaine W. Whitehurst*, for appellees.