**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 5, 2018**

# In the Court of Appeals of Georgia

A18A1309. MOORE v. CHILDS.

McFADDEN, Presiding Judge.

Krystal Moore appeals from various rulings of the trial court in this case, in which Thometra Childs sued Moore for breach of an agreement for childcare services and Moore brought several counterclaims against Childs, including a claim that Childs had committed a battery on Moore's child.

We have jurisdiction over this appeal notwithstanding Childs's motion to dismiss. Moore was not required to file an application for discretionary appeal. It is true that, standing alone, her appeal from the less-than-$10,000 judgment against her would be subject to that requirement; but she is also appealing from a final judgment disposing of some of her counterclaims. Nor was Moore's appeal untimely. By its terms, the order on appeal did not become final until 30 days after it was entered.

As for the merits, Moore's claims on appeal fall into two categories: enumerations of error pertaining to her battery counterclaim, and enumerations of error pertaining to the other claims in the case. As to the enumerations pertaining to the battery counterclaim, Moore has not shown error because the trial court later reversed those rulings and ruled in Moore's favor on her motion for new trial. As to the enumerations pertaining to the other claims, Moore has not shown error by the record, because she failed to include in the appellate record a transcript of the bench trial on those claims. So we affirm.

1. *Appellate jurisdiction.*

As an initial matter, we address our jurisdiction over this appeal, which Childs has moved to dismiss. Because we have jurisdiction, as detailed below, we deny the motion to dismiss the appeal.

(a) *Discretionary versus direct appeal.*

Moore filed a direct appeal in this case. Citing OCGA § 5-6-35 (a) (6), Childs argues that Moore instead was required to apply for discretionary appellate review because Childs's judgment against Moore was for $10,000 or less. That Code section does not apply, however, because Childs also prevailed on counterclaims filed by

2

Moore. *Honester v. Tinsley*, 183 Ga. App. 146, 147 (1) (358 SE2d 295) (1987). So Moore was allowed to file a direct appeal in this case. Id.

(b) *Timeliness of appeal.*

Because Moore filed her notice of appeal on September 6, 2017, more than 30 days after the trial court had entered an order on Moore's motion for new trial, Childs argues that the notice of appeal was untimely. But the trial court's order was not a final judgment as to all claims when the court entered it on July 7, 2017. Instead, the trial court in that order granted Moore a new trial as to one of her counterclaims and gave Moore 30 days in which to submit a rule nisi scheduling the trial on that counterclaim. Consequently, the order did not, on July 7, 2017, "terminate the action as to any of the claims[.]" OCGA § 9-11-54 (b); *Crumbley v. Wyant*, 183 Ga. App. 802, 805 (360 SE2d 276) (1987), disapproved on other grounds by *Jones v. Peach Trader*, 302 Ga. 504, 509-510 (III) (807 SE2d 840) (2017).

Instead, the order provided that it would become final on a later date if Moore did not submit a rule nisi within 30 days, stating: "Should she not do so, *then* this [o]rder will be considered a final order[.]" (Emphasis supplied.) Because the 30-day period established by the order ended on a Sunday, Moore had until the following Monday, August 7, 2017, to submit the rule nisi. See OCGA § 1-3-1 (d) (3) ("when

3

a period of time measured in days . . . is prescribed for the exercise of any privilege [and] the last day prescribed for such action falls on . . . Sunday, the party having such privilege . . . shall have through the following Monday to exercise the privilege"). Cf. *Brooks v. Hicks*, 230 Ga. 500, 501 (197 SE2d 711) (1973) (declining to restrict this rule of computation to only statutorily-established time periods).

Therefore, the order from which Moore appeals did not become final until August 7, when the time period for Moore to submit a rule nisi expired without her having done so. Moore timely filed her notice of appeal on September 6, 2017, within 30 days of the date that the order on the motion for new trial became final. Consequently, we have jurisdiction over this appeal.

2. *Enumerations pertaining to battery counterclaim.*

Moore challenges two rulings pertaining to her counterclaim for battery: the trial court's denial of her request to continue a bench trial in the case in order to amend this counterclaim,[1] and the trial court's dismissal of the battery counterclaim, which the trial court did without prejudice. On motion for new trial, however, the trial court reversed these rulings, holding that Moore "should have been permitted leave

---

[1] Moore's request and the trial court's ruling on it are not contained in the appellate record. It appears that they occurred during the bench trial, and the record on appeal does not include a transcript of that proceeding.

4

to amend her counterclaim" for battery[2] and granting Moore a new trial on that counterclaim. So Moore's claims of error concerning the battery counterclaim provide no ground for reversal.

3. *Enumerations pertaining to other claims.*

Moore enumerates two errors stemming from her assertion that the trial court should have allowed her to amend her other counterclaims. At the bench trial, the trial court ruled in favor of Childs on her breach of contract claim and ruled that Moore had "failed to prove any of her remaining counterclaims" (other than the battery counterclaim, which the trial court had at that point dismissed without prejudice), and later the trial court denied Moore's motion for new trial on the claims and counterclaims resolved in the bench trial. Moore argues that the trial court instead should have allowed her to amend her counterclaims and, consequently, the trial court should have vacated his judgment and held a new trial as to all of the claims and counterclaims.

As the appellant, Moore is required to show these claimed errors by the record. *Gallemore v. White*, 303 Ga. 209, 210 (1) (811 SE2d 315) (2018). She has not done

---

[2] It is clear from the context of the trial court's order that this ruling permitting amendment applied only to the battery counterclaim, although the order does not expressly say so.

so, because the record on appeal does not contain the trial court's ruling denying Moore's request to amend. It appears that both Moore's request and the trial court's ruling on that request occurred during the bench trial. But Moore did not specify in her notice of appeal whether or not a transcript of that proceeding was to be transmitted by the trial court as part of the record on appeal, as OCGA § 5-6-37 requires, and the record transmitted by the trial court did not include a transcript. See *Yetman v. Walsh*, 282 Ga. App. 499, 500 (1) (639 SE2d 491) (2006) (where appellant, in her notice of appeal, asked that the trial court omit nothing from the record on appeal but failed to address the presence of a transcript, there is no inference that the transcript is to be included in the record).

Because "the ruling to which [Moore] objects is not contained in the record before us, . . . there is nothing for us to review." *Sawyer v. Cardiology of Ga., P. C.*, 258 Ga. App. 722, 723 (2) (575 SE2d 11) (2002). Under these circumstances, we "must presume the correctness of the ruling by the trial court." Id. (citation omitted).

*Judgment affirmed. Ray and Rickman, JJ., concur*.