**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 16, 2020**

# In the Court of Appeals of Georgia

A20A0584. BRENNER v. THE STATE.

MCFADDEN, Chief Judge.

After a jury trial, Brandon Lee Brenner was convicted of driving on a suspended license. He appeals, arguing that he was entitled to a mistrial when the arresting officer testified that Brenner's license had been suspended three times. But in the absence of a transcript showing the basis of his objection to this testimony at trial, we must presume that the trial court ruled correctly. So we affirm.

At the jury trial, the arresting officer testified on direct examination that he pulled over Brenner's car in response to a dispatch. The officer testified that he asked Brenner for his driver's license, but Brenner said it had been suspended. The officer testified that he ran Brenner's name through the Georgia Crime Information Center database, which returned results indicating that Brenner's license "had been

suspended three times." At this point, defense counsel objected and, without specifying the grounds for the objection, asked to approach the bench "on a motion." An off-the-record bench conference occurred.

The transcript next reflects the assistant solicitor continuing to question the officer. She asked the officer, "on what day was the license suspended," the officer responded that "there were two for October 25, 2018, and there was a third for November 8 of 2018." Defense counsel stated, "Judge, I again renew my motion." The trial court stated that the motion was denied, and the trial continued.

The jury found Brenner guilty of driving on a suspended license, the trial court entered a judgment of conviction on the verdict, and Brenner filed this appeal.

Brenner argues that the trial court erred in failing to grant his motion for mistrial after the arresting officer mentioned that Brenner's license had been suspended three times. Brenner has not shown error.

Brenner did not preserve on the record or in the transcript the basis for his objection to the officer's testimony or the trial court's ruling, which presumably occurred during the off-the-record bench conference. "Had [Brenner] desired that we consider this objection, steps should have been taken to ensure that the court reporter took down the [bench] conference or the objection restated into the record after this

conference." *Bluain v. State*, 242 Ga. App. 125, 131 (4) (529 SE2d 155) (2000). Alternatively, since "the transcript . . . does not fully disclose what transpired at trial, [Brenner could have had] the record completed in the trial court under the provisions of OCGA § 5-6-41 (f)." *Ivory v. State*, 199 Ga. App. 283, 284 (1) (405 SE2d 90) (1991) (citation and punctuation omitted). Brenner did not ensure that the basis of his objection was reflected on the record. Nor did he have the record completed under OCGA § 5-6-41 (f) to reflect what occurred at the bench conference. So the "objection is not preserved for review, because this [c]ourt has nothing before it to review. In the absence of either record or transcript, this [c]ourt must presume the correctness of the ruling by the trial court." *Sawyer v. Cardiology of Ga.*, 258 Ga. App. 722, 723 (2) (575 SE2d 11) (2002) (citation omitted). See also *Mosley v. State*, 298 Ga. 849, 853 (2) (c) n.3 (785 SE2d 297) (2016) ( "An off-the-record objection does not preserve an issue for appellate review."). Cf. *Wiggins v. State*, 338 Ga. App. 273, 280 (4) (787 SE2d 357) (2016) (objection raised and ruled on in off-the-record bench conference, but later placed on the record, was sufficiently preserved to address the merits on appeal).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*