## 25791. DUNCAN v. DUNCAN.

ARGUED MAY 11, 1970—DECIDED JULY 9, 1970—
REHEARING DENIED JULY 28, 1970.

*Arthur L. Crowe, Jr.*, for appellant.

*G. Robert Howard*, for appellee.

*Hylton B. Dupree, Jr., Duard R. McDonald, J. A. Cochran, Ben F. Smith, Cesar Rodrequez, J. Wesley Channell, Don F. DeFore*, for parties at interest not parties to record.

FELTON, Justice. 1. "Where a divorce shall be granted, the jury or the judge, as the case may be, shall determine the rights and disabilities of the parties: *Provided, however, that no person shall be placed under disabilities unless there is in the pleadings a special prayer that he be placed under such disabilities.*" Code Ann. § 30-122 (Ga. L. 1946, pp. 90, 93; as amended, Ga. L. 1960, pp. 1024, 1025). (Emphasis supplied.) The italicized portion of the foregoing statute, added by the 1960 amendment, brings the rule as to placing parties under disabilities within the general rule in this State, that relief cannot be granted for a matter neither alleged nor sought. *Frady v. Frady*, 222 Ga. 184, 185 (149 SE2d 324) and cit.; *Pray v. Pray*, 223 Ga. 215 (154 SE2d 208) and cit.

2. ". . . [T]his court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was *directly and properly made* in the court below and *distinctly* passed on by the trial judge. [Citations.]" (Emphasis supplied.) *Calhoun v. State*, 211 Ga. 112, 113 (84 SE2d 198). In the present case, the point

of the constitutionality of the 1960 amendment to *Code Ann.* § 30-122, supra, was not directly or properly made by the parties in the trial court, hence was not the subject matter of a ruling by the trial judge.

3. Nor is it shown that this court has jurisdiction to pass on the constitutionality of said amendment by the fact that the trial judge has certified in this court, under the provisions of *Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24), that his purported holding of the said amendment to be unconstitutional had been made "in open court" as "the basis of the judgment complained of in this case" and had also been "made in said Cobb Superior Court in more than twenty cases unappealed from." This "holding" was not included in the written judgment. "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court. [Citations.]" *Calhoun v. State,* supra, p. 113. Even if it were considered a part of the judgment, moreover, it would not necessitate this court's passing on the issue of constitutionality, since such issue had not been properly injected into the case by the parties, as held in Division 2, hereinabove.

4. Accordingly, the trial court erred, in its judgment granting the plaintiff wife a divorce, in placing the defendant husband under the disability to remarry, in the absence of any special prayer to that effect in the pleadings.

*Judgment reversed. All the Justices concur.*