### 32510. SHELL v. SHELL.

UNDERCOFLER, Presiding Justice.

This appeal is from a jury trial in a divorce case. The jury granted to the wife the divorce, custody of the minor son, $35 per week child support but no alimony, and the home and furnishings. The husband was awarded a car, camper, boat and trailer and was required to satisfy the existing mortgage on the home. He now claims the verdict, which was made the judgment of the court, is too indefinite to be enforceable.

The husband in his answer alleged that about ten thousand dollars was owed on the home. The jury clearly intended that it is this amount, the *"existing* mortgage," that he is to pay. There is no inherent conflict with the jury's finding of no alimony and $35 per week child support since the house payments were designated a part of the property settlement. *McLane v. McLane,* 224 Ga. 748 (164 SE2d 821) (1968). Since we have not been submitted a transcript of the trial, we must assume the evidence supports the verdict.

Nor do we find the decree unenforceable because the jury did not specifically state that the husband had the right to remarry. Since the wife's complaint did not ask that such a disability be imposed on the husband, the jury could not have imposed any such sanctions. Code Ann. § 30-122; *Duncan v. Duncan,* 226 Ga. 605 (176 SE2d 88) (1970). The trial court certifies it intends to enter an amended judgment substantially in compliance with Code Ann. § 30-116. Merely in order to complete the record on appeal we direct this be done.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED JULY 8, 1977 — DECIDED SEPTEMBER 7, 1977.

*Larry J. Barkley,* for appellant.
*Mundy & Gammage, Gerry E. Holmes,* for appellee.