**HOBELMAN MOTORS, INC., a Nebraska corporation, Plaintiff and Respondent,**

v.

**Richard ALLRED, Gerald Harrison, M & H Truck Lines, Defendants and Appellants.**

**No. 18602.**

Supreme Court of Utah.

July 6, 1984.

---

Richard Allred, pro-se.

Paul M. Belnap, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice.

Defendant Richard Allred ("defendant") appeals from a summary judgment that accorded full faith and credit to a Nebraska judgment in favor of the plaintiff, Hobelman Motors, Inc. ("plaintiff"). Defendant challenges the summary judgment on the ground that there were material facts in dispute with respect to whether jurisdiction existed and whether the Nebraska procedure for notification met the requirements of due process of law. We reverse and remand.

Defendant correctly argues that jurisdiction and requirements for service, if properly raised, may be asserted as defenses in an action on a foreign judgment. *Carnes v. Carnes,* Utah, 668 P.2d 555 (1983); *Transamerica Title Insurance Co. v. United Resources, Inc.,* 24 Utah 2d 346, 471 P.2d 165 (1970); *Conn v. Whitmore,* 9 Utah 2d 250, 342 P.2d 871 (1959). The question in this case is whether defendant has properly raised any issues as to material facts upon which the questions of jurisdiction and notice would depend.

Utah R.Civ.P. 56(c) states that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Accordingly, we

have reviewed defendant's submissions in the present case.

It is undisputed that defendant is the owner of a truck/tractor involved in an accident that caused damage to plaintiff's property in Hebron, Nebraska, on February 6, 1978. However, in his answer in the Utah action, defendant asserts he never operated a motor vehicle in Nebraska or allowed any motor vehicle owned by him or under his control and direction to operate in Nebraska. He also claims that the summons and complaint in the Nebraska action were not served upon him, either personally or by mail.

In addition, defendant's affidavit in opposition to plaintiff's motion for summary judgment alleges specific material facts relating to jurisdiction and notice as follows. Defendant asserts that he purchased the truck as a capital investment and leased it to M & H Leasing, a Utah corporation. The lease allegedly states specifically that the truck was to be operated in several states, not including Nebraska. M & H Leasing was to insure and register the truck. Defendant further alleges that the driver of the truck, G.W. Harrison, was on a personal "frolic" for his own purposes at the time of the accident and not under the control of defendant or M & H Leasing. Finally, defendant asserts that he did not receive notice of the Nebraska action and that neither he nor his agent signed the receipt of service in the possession of plaintiff's counsel.

■ Plaintiff, on appeal, correctly points out that defendant's affidavit was not notarized as required under Utah R.Civ.P. 56(e). However, "if the opposing party does not move in a timely fashion to object to affidavits or strike them and hence they are admitted, then that party waives the right to show that they do not comply with Rule 56(e) of the Utah Rules of Civil Procedure." *Strange v. Ostlund,* Utah, 594 P.2d 877, 880 (1979); *Fox v. Allstate Insurance Company,* 22 Utah 2d 383, 386, 453 P.2d 701, 702–03 (1969). It appears from the record that plaintiff took no action with respect to the affidavit in

question and has therefore waived any right to contest its admission.

■ The defendant's allegations establish that there is a dispute as to issues of fact that could, if resolved in his favor, result in judgment for him and not the plaintiff. The summary judgment is therefore reversed and remanded for further proceedings to determine: (1) whether defendant was ever properly served in the Nebraska action, and (2) if he was so served, whether Nebraska's notice provisions and liability statutes provide sufficient due process of law under federal and state constitutional principles to permit the exercise of personal jurisdiction by its courts over defendant in this case. No costs awarded.

HALL, C.J., and HOWE, J., and RICHARD C. DAVIDSON, District Judge, concur.

STEWART, J., concurs in the result.

OAKS, J., having resigned, does not participate herein; DAVIDSON, District Judge, sat.