77382. CARLIN v. FULLER et al.
(377 SE2d 877)

BENHAM, Judge.

In 1981, Fuller sold Bland just over 518 acres of land, taking back a security deed. Bland sold the property to Carlin in 1982, but leased it from Carlin and continued to live there. The dwelling on the property was insured under a policy which named Mr. and Mrs. Bland as owners and Fuller as mortgagee. Carlin was not named in the policy. When the dwelling and an outbuilding burned in 1986, the insurer declared the policy void as to the Blands, but paid Fuller $20,000 under a policy provision permitting the insurer, in the event coverage was denied the owner, to pay the mortgagee and be subrogated to the mortgagee's rights. In exchange for the payment, Fuller executed an assignment which provided that when the debt was reduced to $20,000, Fuller would formally assign to the insurer the note and the security deed. Carlin brought this suit contending that Fuller failed to protect her rights and asserting entitlement to a credit against the note she assumed when she bought the property from Bland. She now

appeals from the grant of summary judgment to Fuller.

1. It is unclear from the record and the arguments of counsel exactly what right Carlin is asserting in this litigation. She owns legal title to the land on which the burned buildings stood, but she was not a party to the insurance contract under which the insurer elected to pay Fuller and take a pro tanto assignment of the debt. Much of Carlin's argument involves issues of insurable interest, but that is not at issue in this case. The insurer has never denied that Carlin and Bland have insurable interests; it declared the policy void as to the Blands because of misrepresentations on the application. Carlin has not articulated the basis of the right she asserts to payment under the policy, and we have found no such right. If Carlin does have such a right, we do not see and she has not explained how it would be Fuller rather than the insurer who would be liable to her. Although she complains that Fuller, by settling her own claim with the insurer, failed to protect Carlin's rights, Carlin has not shown any relationship between her and Fuller which would burden Fuller with a duty to protect Carlin's interests. Since the record establishes that the money Fuller got was not something to which Carlin possesses any legitimate claim, we find no error in the grant of summary judgment to Fuller.

2. Carlin also complains that summary judgment was procedurally incorrect because Fuller failed to comply with Uniform Superior Court Rule 6.1 by setting forth citations of supporting authorities. We find no error. The nature of this case, as may be seen from the paucity of authority in Division 1 of this opinion, is not such as to lend itself to citation of authority. Carlin has claimed entitlement to money Fuller received in exchange for assignment of a debt, and Fuller has set forth facts showing the total lack of connection between Carlin and the money. The documentation submitted with Fuller's motion for summary judgment was extensive, and the failure to include citations of authority resulted in no confusion or disadvantage to Carlin in defending the motion. Cf. *Martin v. Wilson*, 184 Ga. App. 196 (2) (361 SE2d 209) (1987).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1989 —
REHEARING DENIED JANUARY 19, 1989.

*Sylvester & Associates, Chuck Sylvester,* for appellant.
*Smith & Harrington, Will Ed Smith,* for appellees.