A00A0728. LEE et al. v. AMERICAN CENTRAL INSURANCE COMPANY et al.
(530 SE2d 731)

ELDRIDGE, Judge.

Plaintiffs Kuo L. Lee and K. Lee Enterprises, Inc. appeal from the trial court's order granting summary judgment in favor of defendant American Central Insurance Company on its counterclaim.

Viewed in the light most favorable to the nonmovant,[1] Lee owned real property located at 4500 Forsyth Road in Macon, Bibb County, as well as a building located thereon ("the property"). On May 30, 1985, Lee executed a deed to secure debt in favor of Citizens Bank & Trust of Eastman ("Citizens Bank"). The security deed was recorded on June 5, 1985, in deed book 1544, page 697, of the Bibb County real property records.

However, on February 1, 1993, K. Lee Enterprises, not Lee individually, leased the property to Andy Tham and Tony Tham, owners of Fortune Garden, Inc. The lease required that the Thams maintain insurance on the building and provide K. Lee Enterprises with a copy of the insurance policy. Originally K. Lee Enterprises was listed as the mortgagee under the additional interests section of the policy instead of Lee individually.

On April 13, 1993, Lee borrowed $125,000 from Citizens Bank and executed a promissory note in favor of the bank in the amount of $125,000 with $135,000 due and payable on April 13, 1994. The note was secured by the 1985 deed to secure debt. On June 17, 1993, the insurance policy was amended by endorsement to add Citizens Bank as a mortgagee.

On June 17, 1993, the property was damaged by fire. Following an investigation, American Central determined that the Thams, who were the insureds and the principals of Fortune Garden, had intentionally set the fire and denied the Thams' claim for coverage under the policy. American Central denied Lee's individual claim because he was not listed as an additional insured, or in any other fashion on the policy. American Central also denied the claim of K. Lee Enterprises because it did not have an insurable interest in the property.

Lee defaulted on the 1993 promissory note with Citizens Bank. On May 23, 1994, Lee paid the interest due on the 1993 promissory

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

note ($11,095.91) and executed another promissory note in favor of Citizens Bank in the principal amount of $125,000 with one payment of $127,696.91 due and payable on August 21, 1994. This note was also secured by the 1985 deed to secure debt. Lee failed to pay any sums owed on the 1994 promissory note, and it went into default.

On August 31, 1994, American Central paid Citizens Bank, as mortgagee on the property, the sum of $139,092.48. Both parties agree this was the total amount of principal and interest Lee owed at the time on the 1994 promissory note. Subsequent to receiving payment, Citizens Bank made the following three transfers and assignments to American Central: on September 2, 1994, Citizens Bank executed a transfer and assignment of the 1993 promissory note to American Central; on October 3, 1994, Citizens Bank executed a transfer and assignment of the 1985 deed to secure debt to American Central; and on November 30, 1994, Citizens Bank executed a transfer and assignment of the 1994 promissory note to American Central.

After all this occurred, Lee sold the property, and in connection with the sale, American Central canceled the security deed. In return for that cancellation, Lee paid to American Central the sum of $139,092.48 to be held in escrow until the issue was resolved regarding whether Lee was obligated to pay such amount to American Central pursuant to the assignments of the notes and deed to secure debt.

On January 9, 1995, Lee and K. Lee Enterprises filed suit against American Central, Kaplan-Walker Insurance Services, Inc., and Kaplan-Truesdel Insurance Agency, Inc.[2] seeking to recover policy proceeds and damages. American Central filed a counterclaim against Lee seeking recovery of the $139,092.48 which it was holding in its escrow account. American Central and Kaplan moved for summary judgment on the plaintiffs' claims. The trial court granted American Central's motion and denied Kaplan's. On appeal, this Court affirmed the trial court's grant of summary judgment in favor of American Central on plaintiffs' claims. However, this Court held that the trial court erred in denying Kaplan's motion for summary judgment. See *Lee v. American Central Ins. Co.*, 241 Ga. App. 650 (530 SE2d 727) (1999).

American Central then moved for summary judgment on its counterclaim, and Lee filed a cross-motion for summary judgment. On July 27, 1999, the trial court granted American Central's motion for summary judgment, denied Lee's motion for summary judgment, and awarded judgment in favor of American Central against Lee in

---

[2] Mrs. Tham obtained the American Central insurance policy through Kaplan-Truesdel Insurance Agency, Inc., which is now conducting business as Kaplan-Walker Insurance Services, Inc.

the amount of $139,092.48 "plus interest at the contractual rate of $29.9657" beginning September 1, 1994, through the date of the judgment. It is from this judgment that Lee and K. Lee Enterprises appeal.

1. In their first enumeration of error, plaintiffs allege that the grant of summary judgment in favor of American Central was error "because the transfer and assignment of [the] loan and security documents was done without proper consideration and [American Central] had [a] separate duty to pay the mortgagee without assuming [a] claim against [Lee]."

(a) The issue of whether there was proper consideration given for the transfer and assignment of the security deed and notes was not raised at the trial level by the plaintiffs.

> Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. One may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court.

(Citations and punctuation omitted.) *Cagle v. Davis*, 236 Ga. App. 657, 662 (513 SE2d 16) (1999). Further, plaintiffs offer no legal authority for such proposition in their brief, and therefore, such alleged error is deemed abandoned. See Court of Appeals Rule 27 (c) (2), (3).

(b) Plaintiffs further contend that American Central had a separate duty to pay the mortgagee without taking an assignment of the claim against Lee. We agree.

The language contained in the subject policy is commonly referred to as the "New York standard mortgage clause."

> Where to the policy of insurance there is attached in favor of the mortgagee what is known as the New York standard mortgage clause, by the terms of which it is provided that the interest of the mortgagee shall not be invalidated by reason of any act or neglect on the part of the mortgagor, this agreement operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy even though the circumstances were such as would prevent a recovery by the mortgagor. *Southern States Fire &c. Ins. Co. v. Napier*, 22 Ga. App. 361, 362 (96 SE 15) [(1918)].

(Punctuation omitted.) *Employers' Fire Ins. Co. v. Pa. Millers Mut. Ins. Co.*, 116 Ga. App. 433, 436 (157 SE2d 807) (1967). See also *Mechanics Ins. Co. v. Goodwin*, 48 Ga. App. 823, 826 (174 SE 160) (1934). Under such independent contract of insurance, "[t]he mortgagee can enforce its right of recovery regardless of the defenses that the insurer may raise against the insured." (Citations and punctuation omitted.) *Cherokee Ins. Co. v. First Nat. Bank &c.*, 181 Ga. App. 146, 147 (351 SE2d 473) (1986).

Under the law in Georgia,

> [w]here a policy of fire insurance is rendered void as to the named insured, but the insurer by reason of the mortgage clause in the policy pays to the holder of a security deed from the insured the full amount of the secured indebtedness and takes a transfer of the debt and the security, in accordance with the terms of the mortgage clause, the insurer is subrogated to the rights of the grantee in the security deed to the extent of the debt paid.

(Citations and punctuation omitted.) *Aldridge v. Dixie Fire &c. Co.*, 223 Ga. 130, 133 (2) (153 SE2d 723) (1967). See also *Peoples Bank of Mansfield v. Ins. Co. of North America*, 146 Ga. 514 (1) (91 SE 684) (1917).

However, in this case, the mortgagor in the security deed is not the insured under the policy.[3] See *Lee v. American Central Ins. Co.*, supra. Insurance is a matter of contract and is controlled by general contract law. *Schwartz v. Black*, 200 Ga. App. 735 (409 SE2d 681) (1991).

> [T]he language used is to be accorded its general and ordinary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and, in construing it, the court can go no further than a fair construction of the language used will permit.

(Citation and punctuation omitted.) *Cotton States Mut. Ins. Co. v. Smelcer*, 212 Ga. App. 376-377 (441 SE2d 788) (1994). If a provision of an insurance contract is ambiguous, the statutory rules of contract construction will be applied. "Pursuant to the rule of construction set forth at OCGA § 13-2-2 (5), the contract will be construed strictly

---

[3] This is an issue of first impression in this state. In previous appellate court decisions deciding if an insurer should be subrogated to the rights of the mortgagee, the mortgagor was also the insured under the insurance policy.

against the insurer/drafter and in favor of the insured." (Citations and punctuation omitted.) *Peachtree Cas. Ins. Co. v. Kim*, 236 Ga. App. 689, 690 (512 SE2d 46) (1999).

The portion of the insurance contract which deals with the insurer's right to be subrogated to the rights of the mortgagee under the deed to secure debt reads as follows:

> If we pay the mortgage holder for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part: (1) The mortgage holder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and (2) The mortgage holder's right to recover the full amount of the mortgage holder's claim will not be impaired. At our option, we may pay to the mortgage holder the whole principal on the mortgage plus any accrued interest. In this event, your mortgage and note will be transferred to us and you will pay your remaining mortgage debt to us.

It is clear from the language of the policy that the insurer's right to be subrogated to the rights of the mortgagee occurs only when: (1) the insured has been denied payment because of some act of the insured or because the insured has failed to comply with the terms of the coverage, (2) the insurer makes payment to the mortgagee, and (3) the insured, who has been denied payment under the policy, and the mortgagor are the same.

In this case, the third condition was not met. The mortgagor is not an insured under the policy. Therefore, in this case the insurer would not be entitled to be subrogated to the rights of the mortgagee. Since American Central had paid the mortgagee the entire amount of the debt, including interest, such payment by the insurer would act as an accord and satisfaction of the mortgagor's (Lee's) debt, preventing American Central from collecting on the notes and deed to secure debt which were assigned to it by the mortgagee.

2. Pursuant to our holding in Division 1, plaintiffs' remaining enumeration of error is rendered moot.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 11, 2000 —
RECONSIDERATION DENIED MAY 1, 2000 — 

*Smith & Harrington, Wilton D. Harrington, John P. Harrington, Robert S. Slocumb*, for appellants.

*Mozley, Finlayson & Loggins, Robert M. Finlayson II, Edward C. Bresee,* for appellees.