S00G1474. AMERICAN CENTRAL INSURANCE COMPANY
v. LEE et al.

(548 SE2d 338)

HUNSTEIN, Justice.

The facts of this case are set forth in greater detail in *Lee v. Am. Central Ins. Co.*, 243 Ga. App. 759 (530 SE2d 731) (2000). Appellee Lee purchased property in Bibb County and executed a deed to secure debt thereon in favor of Citizens Bank and Trust Company. The bank also held two promissory notes Lee subsequently executed which were secured by the deed to secure debt. In 1993 appellee K. Lee Enterprises, Inc., a corporation in which Lee was president and majority shareholder, leased the property to third parties who insured the property with a policy issued by American Central. The policy named K. Lee Enterprises, Inc. and Citizens Bank as mortgagees under the policy; Lee was not listed individually as an additional insured or in any other fashion in the policy and he did not have insurance on the property in his own name. After the property was destroyed by apparent arson, American Central denied the lessees' claim for the proceeds under the policy and denied K. Lee Enterprises, Inc.'s claim because it did not have an insurable interest in the property. Lee's suit against American Central for the proceeds was resolved adversely to Lee when the Court of Appeals held that Lee was neither an insured under the policy nor a third-party beneficiary thereof. See *Lee v. Am. Central Ins. Co.*, 241 Ga. App. 650 (2-5) (530 SE2d 727) (1999).

Pursuant to the standard mortgage clause contained in the insurance policy, American Central chose in August 1994 to exercise its option to pay Citizens Bank the whole principal and accrued interest Lee owed on the property. In three separate transactions executed during the fall of 1994, the bank transferred and assigned to American Central "[f]or value received" Lee's two promissory notes and the deed to secure debt. The deed was extinguished when Lee sold the property and he placed in escrow pending this litigation an amount equaling his indebtedness on the notes and deed. On cross motions for summary judgment, the trial court ruled in favor of the insurance company and against appellees. On appeal, after first declining to address appellees' argument that there was insufficient consideration given for the transfer and assignment by Citizens Bank of the promissory notes and security deed to American Central, *Lee v. Am. Central Ins. Co.*, supra, 243 Ga. App. at 761 (1) (a), the Court of Appeals reversed the ruling in favor of American Central, holding that the insurer had a separate duty to pay the mortgagee without taking an assignment of the mortgagee's claims against Lee. Id. at 761 (1) (b). We granted American Central's petition for writ of certiorari to address whether the Court of Appeals correctly held that

the insurance company did not have a right of subrogation against Lee because he was not an insured under the policy. Id. at (1) (b). For the reasons that follow, we reverse.

1. The Court of Appeals held that under the standard mortgage clause in the insurance policy,[1] the insurer could not be subrogated to the rights of the named mortgagee unless, inter alia, the insured and the mortgagor are one and the same. Id. at 763 (1) (b). However, it is well established that a mortgagee possesses an insurable interest in the property covered by the mortgage, OCGA § 33-34-4, and that the standard or union mortgage clause, such as the one in issue here, creates a separate and distinct contract on the mortgagee's interest which protects the mortgagee's interest independent of the status of the insured. *Cherokee Ins. Co. v. First Nat. Bank of Dalton*, 181 Ga. App. 146, 147 (351 SE2d 473) (1986). "There is no rule that provides a named specifically endorsed loss-payee mortgagee is not covered if it does not actually at the time of loss hold a mortgage in the name of the insured." *Liberty Nat. Fire Ins. Co. v. F & M Bank & Trust Co.*, 189 Ga. App. 759, 761 (1) (377 SE2d 528) (1989). Accordingly, the Court of Appeals erred when it held that American Central was precluded from being subrogated to Citizens Bank's rights in the property under the insurance policy.

We find appellees' arguments to the contrary unavailing. Lee's status in regard to the insurance policy has previously been resolved adversely to him, *Lee v. Am. Central Ins. Co.*, supra, 241 Ga. App. at 650 (2-5), and that holding is now law of the case. OCGA § 9-11-60 (h). Hence, appellees' reliance upon *United Stores of America v. Fireman's Fund Ins. Co.*, 420 F2d 337 (8th Cir. 1970) is misplaced.[2] While argument is made that the equitable basis for allowing the insurer to

---

[1] The insurance policy provided, in pertinent part:
e. If we pay the mortgage holder for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part:
(1) The mortgage holder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and
(2) The mortgage holder's right to recover the full amount of the mortgage holder's claim will not be impaired.
At our option, we may pay to the mortgage holder the whole principal on the mortgage plus any accrued interest. In this event, your mortgage and note will be transferred to us and you will pay your remaining mortgage debt to us.

[2] In *United Stores*, supra, the insured-lessee sustained a covered loss under a policy which named the lessor's mortgagee but not the lessor. The mortgagee used the payment made by the insurer to reduce the lessor's debt and declined the insurer's demand for subrogation. The Eighth Circuit Court of Appeals upheld the mortgagee's position, rejecting the insurer's argument that it was entitled to subrogation from the mortgagee solely because the policy did not name the mortgagor as an insured. This position is consonant with the holdings in *Liberty Nat. Fire*, supra, 189 Ga. App. at 761 (1) and *Cherokee Ins. Co.*, supra, 181 Ga. App. at 147.

be subrogated to the mortgagee's rights falters when the mortgagor is innocent of the wrongdoing which caused the loss, *Fireman's Fund Ins. Co. v. Rogers,* 712 SW2d 311, 317 (Ark. App. 1986) (dissenting opinion), the Court of Appeals has previously rejected Lee's earlier attempt to invoke equity as a means of avoiding the plain language of the insurance policy. *Lee v. Am. Central Ins. Co.,* supra, 241 Ga. App. at 652 (4). As reflected in that earlier opinion, Lee chose to lease the property in the name of appellee K. Lee Enterprises, Inc., a separate legal entity which possessed no insurable interest in the property. Although Lee received a copy of the policy and thereafter a correction was made to include Citizens Bank as mortgagee, the evidence is uncontroverted that Lee's current dilemma is the result of his own unilateral mistake in failing to take steps either to have the policy amended to accurately identify Lee as the party with the insurable interest in the property or to otherwise insure his interest in property subject to a security deed.

A situation factually identical to the case at bar arose in *Carlin v. Fuller,* 189 Ga. App. 845 (1) (377 SE2d 877) (1989), in which the insurance policy obtained by the lessees to cover mortgaged property correctly named Fuller, the mortgagee, but failed to name Carlin, the lessor-mortgagor. After fire damaged the property, the insurer denied coverage based on misrepresentations made by the lessees. The insurer paid Fuller pursuant to the standard mortgage clause in the policy and in exchange was subrogated to Fuller's rights to the extent of that payment.[3] The court rejected the arguments made by Carlin, the lessor-mortgagor, in her suit against Fuller, first holding that Carlin had no rights under the policy[4] and then rejecting Carlin's claim that the mortgagee acted improperly by settling with the insurer since "Carlin has not shown any relationship between her and [the mortgagee] which would burden [the mortgagee] with a duty to protect Carlin's interests." Id. at 846 (1).

Just as the mortgagee who received policy proceeds pursuant to a standard mortgage clause owed no duty to the lessor-mortgagor to apply those proceeds against the mortgage debt and was authorized under the clause to transfer to the insurer an interest in the debt commensurate with the payment received, *Carlin v. Fuller,* supra, 189 Ga. App. at 845 (1), Citizens Bank was not required to apply American Central's payment to extinguish Lee's debt and was autho-

---

[3] Specifically, the mortgagee executed an assignment which provided that when the debt on the property was reduced to $20,000 (the amount paid the mortgagee under the policy by the insurer), the mortgagee would formally assign to the insurer the note and the security deed.

[4] This position is consistent with the earlier ruling on appellees' claims under the policy in this case. See *Lee v. Am. Central Ins. Co.,* supra, 241 Ga. App. at 650 (2-5).

rized to transfer and assign the deed to secure debt and notes to the insurer pursuant to the standard mortgage clause. The transaction between Citizens Bank and American Central was thus not subject to the objections raised by appellees. It follows that the Court of Appeals erred by reversing the trial court on this basis.

2. We also granted certiorari to consider whether the Court of Appeals, in the context of appellate review of the grant of summary judgment, erred by declining to address the sufficiency of American Central's showing of proper consideration for the transfer and assignment by Citizens Bank of the security deed and notes on the ground that the issue was not raised in the trial court. *Lee v. Am. Central Ins. Co.*, supra, 243 Ga. App. at 761 (1) (a). In *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616 (501 SE2d 497) (1998), this Court held that

> the issue in an appeal from the grant of summary judgment is whether the movant met the burden established by OCGA § 9-11-56 (c) and, in addressing that issue on appeal, the non-moving party is entitled to advance all arguments without regard to whether they were raised by way of objections below.

Id. at 617. The Court of Appeals erroneously misconstrued appellees' assertion of the lack of a showing of sufficient consideration to be an unaddressable "issue," rather than a proper appellate argument in support of the reversal of the trial court's grant of summary judgment in favor of American Central. Therefore, we disapprove of Division 1 (a) of *Lee v. Am. Central Ins. Co.*, supra, 243 Ga. App. at 761.

Although the Court of Appeals also deemed the argument abandoned under its Rule 27 (c) (2) because appellees "offer[ed] no legal authority for such proposition in their brief," *Lee v. Am. Central Ins. Co.*, supra, 243 Ga. App. at 761 (1) (a), a review of appellees' brief in that court reveals that they did present meaningful argument in support of this enumerated error. Compare *City of College Park v. Sheraton Savannah Corp.*, 235 Ga. App. 561 (6) (509 SE2d 371) (1998). Court of Appeals Rule 27 (c) (2), which provides that enumerations of error will be deemed abandoned when not supported in the brief by "citation of authority *or* argument," (emphasis supplied), is clearly stated in the disjunctive. Construing the rule in the disjunctive is consistent with the liberal construction we are obligated to apply to appeals procedures "so as to bring about a decision on the merits of every case appealed and to avoid . . . refusal to consider any points raised therein." OCGA § 5-6-30. Further, the Court of Appeals has recognized that abandonment under Rule 27 (c) (2) applies only where the party has made no meaningful argument, e.g., referenced

only the language in the enumeration, *Chancellor v. Gateway Lincoln-Mercury*, 233 Ga. App. 38 (4) (502 SE2d 799) (1998), or demonstrated by a lack of interest that the enumeration possesses no merit. *Redwing Carriers v. Knight*, 143 Ga. App. 668 (11) (239 SE2d 686) (1977). Accordingly, we do not find that appellees abandoned this enumerated error in the Court of Appeals.

However, in the interest of judicial economy, we will not remand the matter to the Court of Appeals as our ruling in Division 1, supra, obviates the core argument appellees asserted in support of this enumeration. Specifically, appellees contended that in situations where an insured is not the mortgagor of the insured property, a mortgagee is not obligated under the standard mortgage clause to transfer and assign the debt to the insurer in exchange for the insurer's payment of the principal and all accrued interest. However, based on our finding in Division 1, supra, that the standard mortgage clause is a separate contract binding both the insurer and the mortgagee regardless of the status of the insured, appellees' argument necessarily fails. Because the record reveals that Citizens Bank received the principal and all accrued interest from American Central and transferred and assigned the security deed and notes to American Central "[f]or value received," no genuine issue of material fact remains regarding the sufficiency of the consideration. The trial court properly granted summary judgment in favor of American Central.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 11, 2001.

*Mozley, Finlayson & Loggins, Robert M. Finlayson II, Edward C. Bresee*, for appellant.

*Smith & Harrington, Wilton D. Harrington, Robert S. Slocumb*, for appellees.