## A01A1247. HODGE v. LOTT.
(553 SE2d 652)

ELDRIDGE, Judge.

Sedrick Demon Hodge and Calvin Lanier Harrell were held to be jointly liable in damages by a jury verdict for a motor vehicle collision that occurred on August 2, 1997, injuring Jerry L. Lott. Harrell settled with the plaintiff. Hodge, the defendant, moved for a new trial on general grounds and the special grounds that the trial court abused its discretion in not removing a juror who failed to disclose her relationship with an employee of counsel for Harrell. The motion for new trial was denied. On appeal, defendant asserts that the trial court abused its discretion in several ways: in allowing a hypothetical question to plaintiff's treating physician; in limiting cross-examination of the plaintiff regarding pain prior to the collision in a pre-existing condition, revealed during prior treatment; and in not removing a juror after a relationship to counsel for the other defendant became known. Finding no merit to defendant's contentions, we affirm.

The plaintiff's injuries were soft tissue and a compression fracture of his spine. Defendant sought to show either that the compression fracture pre-existed the collision or that plaintiff failed to prove that the collision caused the compression fracture.

At trial, plaintiff testified that in 1980 he had worked as a dry wall installer; that he quit work in 1980 because of a work-caused back injury; and that he had not worked since that date because of this back injury. When plaintiff was on cross-examination by Hodge's counsel, counsel sought to question him by use of a medical record

---

regarding a pre-collision hospital admission from March 22 through 27, 1997, in which plaintiff complained of symptoms of back pain. Plaintiff objected that such, opinions as to limited range of motion, stated in the leading question medical diagnosis and opinion not supported by evidence in the record and were not medical history admissible as a hearsay exception. The trial court sustained the objection, and defense counsel abandoned this line of inquiry.

At the end of trial, the failure of a juror to reveal on voir dire that she was the aunt of an employee of Harrell's counsel was revealed to the trial court by defendant. The trial court had the juror voir dired to determine the relationship with the other defendant's counsel and whether the juror could be fair and impartial to all parties despite being related to an employee of defense counsel under the facts and circumstances of the case. Having determined that the juror could be impartial and after properly instructing the juror, the trial court did not remove the juror but allowed the juror to continue to serve over objection of plaintiff's counsel; no objection was made by the defendant.

1. Defendant contends that the trial court abused its discretion in allowing a hypothetical question put to Dr. Hornback to be answered.

Defendant's objection was made on the videotaped deposition only and was not preserved for appellate review anywhere else. In the defendant's brief, he states his objection that the hypothetical did not provide sufficient information for the expert to respond and that the hypothetical had no foundation in regard to any personal information of the physician as having had the same feelings.

Such objection appears nowhere in either the record or the trial transcript. Defendant failed to cite to the record or transcript where this specific objection was preserved for this Court's review of the exact wording of this objection in violation of Court of Appeals Rule 27 (c) (3) (i). Prior to trial, the trial court denied this objection without reciting the objection so that this Court would have the objection before us for review.

Either as a portion of the pretrial order submitted by the defendant, as a motion in limine, or as a stipulation at pretrial hearing made into a transcript, this objection to the deposition should have been preserved and submitted for decision in writing into the record. In the alternative, the original video deposition, unedited, should have been filed in the record on appeal. Defendant directed that the clerk omit nothing on appeal to no avail, because the objection was contained in the unfiled and unedited videotaped deposition that was not read to the jury. The edited version of the deposition, with the overruled objection deleted, was played at trial for the jury and was transcribed by the court reporter as part of the trial transcript, which

was filed with the clerk. Thus, after the court ruled on the objection as a pretrial matter, the objection was edited out of the deposition presented at trial to the jury so that the objection was not preserved as a part of the transcript of the evidence. Therefore, although timely made and ruled upon by the trial court, the objection was not preserved for appellate review by this Court.

When a party makes an objection but fails to have such objection preserved upon either the record or transcript of the evidence, such objection is not preserved for review, because this Court has nothing before it to review. In the absence of either record or transcript, this Court must presume the correctness of the ruling by the trial court. *Camaron v. State*, 246 Ga. App. 80, 82 (1) (539 SE2d 577) (2000). "When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result." (Citations and punctuation omitted.) *Ogles v. State*, 218 Ga. App. 92 (1) (a) (460 SE2d 866) (1995); see accord *Burritt v. Media Marketing Svcs.*, 242 Ga. App. 92, 94-95 (3) (527 SE2d 890) (2000).

2. Defendant contends that the trial court abused its discretion "in limiting the cross-examination of the plaintiff concerning complaints of pain made by the plaintiff during medical treatment prior to the automobile accident in issue." However, defendant failed to properly preserve this exception to the trial court's ruling.

Defense counsel asked: "And during that, you had a physical examination where you — they tested your range of motion of your back and you were having some pain with that, and you could flex your trunk only forty degrees before you had pain, and you could extend it only ten degrees. . . ." Plaintiff's counsel objected: "I'm going to object to this. He's reading diagnosis and opinions of physicians he has not called as witnesses. This is not his medical history."

Defense counsel did not deny that he was reading the physician's opinion as to the range of motion as the predicate for the question and this physician had not been called to testify or that those expert opinions as to range of motion were not in the record already as evidence from any expert. After the trial court sustained the objection, defense counsel abandoned this line of inquiry without perfecting the record by making an offer of proof as to the relevance, materiality, admissibility of such evidence, and harm shown by the exclusion; nor did defense counsel show what the anticipated answer would be. See *Anderson v. Jarriel*, 224 Ga. 495, 496 (3) (162 SE2d 322) (1968); *Hendrix v. Byers Bldg. Supply*, 167 Ga. App. 878, 880 (2) (307 SE2d 759) (1983).

Historically, the cross-examiner generally did not have to make a proffer of proof of the expected answer when the question was relevant, material, and proper, because it was unknown what the answer

would be to the question. *Johnston v. Still*, 225 Ga. 222, 225 (5) (167 SE2d 646) (1969); see also *Becker v. Donalson*, 133 Ga. 864, 868-869 (4) (67 SE 92) (1910); *Griffin v. Henderson*, 117 Ga. 382, 383-384 (2), (3) (43 SE 712) (1903). However, such exception to the rule evolved prior to the extensive discovery allowed in civil cases under the Civil Practice Act or the Criminal Discovery Act, which made counsel aware of the answer to questions on cross-examination at trial before they were asked. Now, the cross-examiner generally knows what the response will be from having previously asked the question under oath on deposition or at least what makes the question relevant, material, and admissible.

In this case, the plaintiff and the treating physicians had been deposed. The prior medical records, both as to this injury and all prior medical history, had been discovered by the defendant, and defendant sought to use such in cross-examination. Thus, the defendant was in a position to make an offer of proof when the trial court denied the specific form of the question. The question assumed an opinion not in evidence from a physician not called as a witness and called upon plaintiff to know the pre-collision medical diagnosis of his range of motion, a medical opinion formed from objective tests. This was a blatant attempt to put before the jury a medical opinion without calling the physician who rendered the opinion.

The trial court did not curtail or preclude defendant's general cross-examination into the subject of pain or prior existing injury, but only sustained the specific objection based upon the form and opinion content of the question, which contained unproven expert opinion and was read from a nonwitness physician's records.

"The defense is entitled to a thorough cross-examination; however, the scope of cross-examination is within the sound discretion of the trial court and will not cause reversal unless the discretion is abused." *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421) (1987); see also *Bromley v. State*, 259 Ga. 377, 382 (7) (380 SE2d 694) (1989) (proffer made through limited cross-examination outside the presence of the jury and failed to demonstrate relevance of the question). Here, the question was in an improper form and was objectionable.

Defendant had to make a proffer showing that the question and the answer were relevant, material, and admissible, but counsel did not avail himself of the opportunity to perfect the record. Thus, under the circumstances, the trial court did not abuse its discretion in excluding the question until the defendant showed that the physician's opinion stated in the question was admissible either as hearsay or as other earlier admitted evidence. See *Johnson v. State*, 270 Ga. 234, 235 (2) (507 SE2d 737) (1998) (defendant failed to proffer evidence that the victim and prosecution witnesses were members of a gang); *Bromley v. State*, supra at 382 (7); *Cofield v. State*, 247 Ga.

98, 111 (6) (274 SE2d 530) (1981) (defendant failed to proffer evidence to show that the victim was homosexual as a predicate to alleging that victim was killed in a lover's quarrel); *Nichols v. State*, 210 Ga. App. 134, 137-138 (5) (435 SE2d 502) (1993) (defendant tried for burglaries at an apartment complex was not allowed to ask about other subsequent burglaries, because he made no proffer showing that other subsequent burglaries were committed by someone else). The right of cross-examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning. *Timberlake v. State*, 200 Ga. App. 64, 66 (2) (406 SE2d 537) (1991); see also *Nichols v. State*, supra at 138. Further, the defendant had already cross-examined the treating physician, Dr. Nguyen, regarding such same general area of inquiry regarding prior injuries, pain, and range of motion.

3. Defendant contends that the trial court abused its discretion in not replacing a juror who was related to an employee of the other defense counsel. We find that no such objection by defendant was made.

Defendant's counsel brought to the trial court's attention that a juror was the aunt of the secretary for the other defendant's counsel after the close of evidence. While the juror was the aunt of the secretary for the other defendant's counsel, on initial voir dire she had not volunteered such information when she revealed that she knew counsel. Plaintiff and defendant both expressed the desire to replace the juror to the trial court when they brought the situation to his attention, but defendant voiced no objection.

The trial court held a hearing outside the presence of the other jurors and inquired of the juror in question and allowed counsel to voir dire. Defendant's counsel declined to ask any questions. The juror stated that she knew the other defense counsel but that she could be a fair and impartial juror nonetheless. The trial court gave her cautionary instructions as to her impartiality and reseated her. After such voir dire and instruction by the court, plaintiff's counsel objected to the trial court's failure to replace the juror, but defendant neither joined in the renewed motion nor objected on his own as to the instructions.

Absent a contemporaneous objection ruled on by the trial court, the objection is not preserved for appellate review and is waived. *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 270-271 (2) (476 SE2d 722) (1996); *Ga. Dept. of Natural Resources v. Coweta County*, 261 Ga. 484 (405 SE2d 470) (1991). The record is silent as to any objection by the defendant; therefore, there exists nothing for this Court to review. *Bryant v. Mayor &c. of Americus*, 252 Ga. 76, 78 (4) (311 SE2d 174) (1984). "If several parties are entitled to make an objection, and it is made by any number less than all, it does not inure to the advantage

of the party or parties not joining in it. Thus, where a defendant does not expressly adopt the objection of a co-defendant, he thereby waives that objection and may not utilize it to gain review." (Citations and punctuation omitted.) *Heard v. State*, 204 Ga. App. 757, 759 (4) (420 SE2d 639) (1992).

*Judgment affirmed. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED AUGUST 8, 2001 —
RECONSIDERATION DENIED AUGUST 20, 2001 — ▮▮▮▮▮▮▮

*Dillard, Bower & Crowley, Terry A. Dillard, Bryant H. Bower, Jr., Douglas W. Mitchell III*, for appellant.
*Helms & Helms, Jack J. Helms, Jr.*, for appellee.