## S01G1656. PFEIFFER v. GEORGIA DEPARTMENT OF TRANSPORTATION.
(573 SE2d 389)

FLETCHER, Chief Justice.

We granted certiorari in this wrongful death case to examine whether the Court of Appeals of Georgia, in affirming the grant of summary judgment to the Georgia Department of Transportation, erred in failing to address contentions raised by Karen Pfeiffer

---

[13] See, e.g., *Lisenba v. California*, 314 U. S. 219, 236 (62 SC 280, 86 LE 166) (1941).

because they were not raised in the trial court.[1] Because the court of appeals's decision is consistent with the purpose of summary judgment and long-standing appellate procedure, we affirm.

1. Karen Pfeiffer sued DOT for the death of her husband, Robert Pfeiffer, a construction worker working for the general contractor, Rosiek Construction Company, on the Sidney Lanier Bridge project. Pfeiffer alleged that DOT was responsible for ensuring the safety of workers on the project and that its breach of this duty of care caused the death of her husband. DOT moved for summary judgment on the ground that its contract with Rosiek specified that the contractor had the responsibility for administering on-site construction safety procedures. In opposing summary judgment, Pfeiffer argued that, because the project was a federal aid construction project, 23 CFR § 630.1010 (b) imposed a non-delegable duty on DOT with regard to safety issues on the project. The trial court granted summary judgment to DOT after rejecting the argument that the federal regulation imposed a non-delegable duty on DOT.

The court of appeals affirmed the trial court, concluding first that the contract between DOT and Rosiek did unambiguously delegate the responsibility for safety oversight to Rosiek and, second, that this delegation was not impermissible under section 630.1010 (b). The court of appeals refused to address Pfeiffer's other legal arguments in support of reversing the trial court, holding that, because Pfeiffer failed to raise these arguments in the trial court, she could not raise them for the first time on appeal.

2. The purpose behind summary judgment is to "dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial."[2] This purpose is thwarted when a party may withhold meritorious legal arguments until appeal. Allowing a party to raise new arguments also ignores the duties and responsibilities placed on the parties by OCGA § 9-11-56. Each party has a duty to present his best case on a motion for summary judgment.[3] This Court has specifically held that, in responding to a motion for summary judgment, plaintiffs have a statutory duty "to produce whatever viable theory of recovery they might have or run the risk of an adjudication on the merits of their case."[4] The same burden is placed on the parties with regard to factual issues. As we held in *Lau's Corp. v. Haskins*, once a defendant points out that there is an absence of evidence to support the plaintiff's case, the burden then shifts to the plaintiff, who "*must*

---

[1] *Pfeiffer v. Department of Transportation*, 250 Ga. App. 643 (551 SE2d 58) (2001).

[2] *Crutcher v. Crawford Land Co.*, 220 Ga. 298, 303 (138 SE2d 580) (1964).

[3] *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974).

[4] Id. at 606.

point to specific evidence giving rise to a triable issue."[5]

Additionally, our appellate courts are courts for the correction of errors of law committed in the trial court.[6] Routinely, this Court refuses to review issues not raised in the trial court.[7] " '[T]o consider the case on a completely different basis from that presented below . . . would be contrary to the line of cases . . . holding, "He must stand or fall upon the position taken in the trial court." ' "[8] Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court.[9] If the rule were otherwise, a party opposing a motion for summary judgment need not raise any legal issue, spend the next year thinking up and researching additional issues for the appellate court to address, and require the opposing party to address those issues within the narrow time frame of appellate practice rules.

Therefore, absent special circumstances,[10] an appellate court need not consider arguments raised for the first time on appeal.[11] This rule is consistent with the purposes of the summary judgment and with the majority of other jurisdictions.[12]

---

[5] (Emphasis supplied.) *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991).

[6] *Georgia Dept. of Natural Resources v. Coweta County*, 261 Ga. 484 (405 SE2d 470) (1991).

[7] See, e.g., *Sharpe v. Department of Transp.*, 270 Ga. 101, 103 (505 SE2d 473) (1998); *Standard Guar. Ins. Co. v. Bundrage*, 264 Ga. 632, 633 (452 SE2d 474) (1994); *Hammond v. Paul*, 249 Ga. 241, 242 (290 SE2d 54) (1982); *Carter v. Pruitt*, 235 Ga. 204, 204 (219 SE2d 114) (1975); *Duncan v. Duncan*, 226 Ga. 605 (2) (176 SE2d 88) (1970); *Velkey v. Grimes*, 214 Ga. 420, 421 (105 SE2d 224) (1958).

[8] *Bell v. Sellers*, 248 Ga. 424, 426 (283 SE2d 877) (1981), quoting *Federal Ins. Co. v. Oakwood Steel Co.*, 126 Ga. App. 479 (191 SE2d 298) (1972).

[9] See, e.g., *Palmer v. Hoffman*, 318 U. S. 109, 119 (63 SC 477, 87 LE 645) (1943) (fairness to trial court requires objections to charge to be made at trial); *Johnson v. Hensel Phelps Constr. Co.*, 250 Ga. 83, 84 (295 SE2d 841) (1982) (discussing inherent injustice if party appealing denial of motion for directed verdict is permitted to assert on appeal an issue not raised in motion).

[10] Special circumstances could include "a jurisdictional challenge, a claim of sovereign immunity, a serious issue of public policy, a change in the law, or [an] error that works manifest injustice." See 19 *Moore's Federal Practice*, sec. 205.05[2] at 205-58 (Matthew Bender 3d ed.).

[11] Whether a party should file a transcript or a stipulation under OCGA § 5-6-41 (i) depends entirely on whether that party asserted a new legal argument for the first time at the hearing on the motion for summary judgment.

[12] See, e.g., *Blue Cross & Blue Shield v. Weitz*, 913 F2d 1544, 1550 (11th Cir. 1990) (summary judgment will not be reversed on appeal for failing to consider argument not articulated by party); *Ex parte Ryals*, 773 So2d 1011, 1013 (Ala. 2000) ("trial court cannot be reversed on any ground or argument not presented for or against the motion [for summary judgment]"); *Washington Federation of State Employees v. Office of Financial Management*, 849 P2d 1201, 1203 (Wash. 1993) (in reviewing summary judgment, appellate court considers "only evidence and issues called to the attention of the trial court"); *Hobelman Motors v. Allred*, 685 P2d 544, 546 (Utah 1984) (failure to object to affidavit waives right to complain of its consideration on motion for summary judgment); *Houston v. Clear Creek Basin Authority*, 589 SW2d 671, 678 (Tex. 1979) ("non-movant may not urge on appeal as reason for reversal of the summary judgment any and every new ground that he can think of, nor can he res-

3. Our decision in *Dental One Assoc. v. JKR Realty Assoc., Ltd.*,[13] does not demand a different result. That case does not stand for the proposition than a party can raise new legal issues on appeal. Instead that case simply acknowledges that to be entitled to summary judgment, a party who bears the burden of proof at trial must present the trial court with the facts showing its entitlement to judgment. When the record fails to contain the facts supporting the grant of summary judgment, the non-movant may argue this ground to the appellate court regardless of whether the non-movant asserted an "objection to the prima facie case."[14]

*Judgment affirmed. All the Justices concur, except Benham, Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

Karen Pfeiffer brought suit against the Georgia Department of Transportation (DOT), seeking to recover for the wrongful death of her husband. The trial court granted summary judgment in favor of DOT, and Ms. Pfeiffer appealed. In support of her contention that the trial court erroneously granted the motion, she advanced several evidentiary arguments which the Court of Appeals declined to consider on the ground that they were neither raised nor ruled on below. *Pfeiffer v. Department of Transp.*, 250 Ga. App. 643, 647 (3) (551 SE2d 58) (2001). We granted Ms. Pfeiffer's petition for certiorari, and today a majority of this Court affirms that holding.

As the majority correctly notes, the purpose of both the Court of Appeals and this Court is to correct errors of law committed in lower tribunals. *Georgia Dept. of Natural Resources v. Coweta County*, 261 Ga. 484 (405 SE2d 470) (1991); *Harmon v. Southern R. Co.*, 123 Ga. App. 309 (2) (180 SE2d 604) (1971). When the appeal is from the grant of summary judgment, however, the paramount legal issue presented for determination is whether the trial court correctly held that no genuine issue of material fact remains *and* that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The appellate courts of this state have long recognized that, in addressing the issue of whether the trial court erred in that regard, the particular arguments that the parties may have advanced below are irrelevant. "It is the grant itself that is to be reviewed for error, and not the analysis employed. [Cit.]" *Albany Oil Mill v. Sumter EMC*, 212 Ga. App. 242, 243 (3) (441 SE2d 524) (1994). "[A] trial court does not

urrect grounds that he abandoned at the hearing"); *Minnehoma Financial Co. v. Pauli*, 565 P2d 835, 838 (Wyo. 1977) (fundamental rule applicable to appeals from summary judgments is "that parties may not advance new theories or issues in order to secure a reversal of the lower court's determination").

[13] 269 Ga. 616 (501 SE2d 497) (1998).
[14] Id. at 617.

sit as the trier of fact, but 'review(s) the evidence and determine(s) whether a prima facie case has been proven by the movant.' [Cits.]" *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 747 (1) (559 SE2d 450) (2002). "It is the evidence of record, not the assertions and objections made by counsel at the hearing, which determines the validity or invalidity of the grant of summary judgment. [Cits.]" *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616, 617 (1) (501 SE2d 497) (1998). "Legal argument presented to the trial court as to whether the material already on file authorizes the grant of summary judgment is not evidence." *Baker v. Brannen/Goddard Co.*, supra at 747 (1).

> It is the responsibility of the trial court to review the evidence and determine whether a prima facie case has been proven by the movant. It is not the obligation of the nonmoving party to object to the movant's failure to meet its evidentiary burden. [Cits.]

*Dental One Assoc. v. JKR Realty Assoc.*, supra at 618 (1).

The purpose of summary judgment is certainly the expeditious resolution of litigation. See *Crutcher v. Crawford Land Co.*, 220 Ga. 298, 303 (3) (138 SE2d 580) (1964). Nevertheless, the appellate courts have a constitutional obligation to review the grant of a motion for summary judgment to determine whether the ruling was correct. Contrary to what the Court of Appeals held and what this Court now holds in this case, the subject of appellate review is the trial court's ruling on the evidence, not the nonmovant's arguments in opposition.

> [T]he issue in an appeal from the grant of summary judgment is whether the movant met the burden established by OCGA § 9-11-56 (c) and, in addressing that issue on appeal, the non-moving party is entitled to advance all arguments without regard to whether they were raised by way of objections below.

*Dental One Assoc. v. JKR Realty Assoc.*, supra at 617. See also *American Central Ins. Co. v. Lee*, 273 Ga. 880, 883 (2) (548 SE2d 338) (2001). So long as the record is before it, an appellate court can readily review the evidence to determine whether genuine issues of material fact remain and, if none does, whether the movant is entitled to judgment as a matter of law. Thus, neither the Court of Appeals nor this Court fulfills its constitutional obligation by declining to consider all arguments as to the insufficiency of the evidence raised by the nonmoving party in opposition to the grant of summary judgment. The appellate court "must . . . 'carefully scrutinize' the

movant's papers to determine whether it is entitled to judgment as a matter of law, regardless of the opponent's response or lack thereof. [Cits.]" *Southern Protective Products Co. v. Leasing International*, 134 Ga. App. 945, 946 (1) (216 SE2d 725) (1975). Thus, if DOT failed to meet its initial evidentiary burden as the movant for summary judgment, then Ms. Pfeiffer "was entitled to urge the record's lack of evidence in that regard as a reason for reversing the grant of summary judgment, even if [she] did not 'object' on that precise basis in the trial court. [Cits.]" *Dental One Assoc. v. JKR Realty Assoc.*, supra at 618 (1). See also *American Central Ins. Co. v. Lee*, supra at 883 (2).

The majority offers no viable rationale for departing from the controlling authority of *Dental One Assoc.* and *American Central Ins. Co.* Both cases clearly stand for the proposition that "the issue" in an appeal from the grant of summary judgment is whether the movant met the burden established by OCGA § 9-11-56 (c) and, in addressing "that issue on appeal," the non-movant is entitled to urge "all arguments" even though they were not raised below. *Dental One Assoc. v. JKR Realty Assoc.*, supra at 617; *American Central Ins. Co. v. Lee*, supra at 883 (2). Nothing in either of those recent decisions conflicts with *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), which dealt with the evidentiary burden on the parties. Insofar as the constitutional obligations of the courts of this state are concerned, *Dental One Assoc.* and *American Central Ins. Co.* are completely consistent with the recognition in *Lau's Corp. v. Haskins*, supra at 495 (4), that

> summary judgment is appropriate when *the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party*, concludes that the evidence does not create a triable issue as to each essential element of the case. (Emphasis supplied.)

Nothing in *Lau's Corp.* remotely suggests that that judicial review of the evidence is limited by the "arguments" presented by the parties. As to that issue, *Dental One Assoc.* and *American Central Ins. Co.* are merely the latest in a long series of opinions holding that

> [i]t is not a prerequisite for review of the enumerated errors, that [the appellant] object to or make an issue of these errors at the trial below, when the alleged errors are asserted as reasons why the trial court should not have granted [the appellee's] motion for summary judgment. [Cits.]

*Binswanger Glass Co. v. Beers Constr. Co.*, 141 Ga. App. 715, 719 (5) (234 SE2d 363) (1977).

The rule adopted by the majority is contrary to the long-standing principle, exemplified by *Dental One Assoc.* and *American Central Ins. Co.*, that "[a]n appellate court in reviewing a lower court decision will look to the basic question, which is whether or not the judgment is valid as a matter of law; the reasons contained in the judgments are not controlling. [Cit.]" *Adams v. Emory University Clinic*, 179 Ga. App. 620, 621 (347 SE2d 670) (1986). However, those prior decisions and that well-recognized rule now have been cast aside, so that henceforth the scope of appellate review of the grant of summary judgment will be completely dependent upon the specific "arguments" advanced below by the nonmoving party. The bar of this state should be apprised that, by its radical departure from existing authority, the Court today has rendered the transcript of the hearing on the motion an indispensable part of an appeal, since, without it, the appellate court must now presume that no "arguments" were raised below and that nothing was thus preserved for review. See generally *Hodge v. Lott*, 251 Ga. App. 288, 290 (1) (553 SE2d 652) (2001). This result applies despite our recent unanimous holding that "the transcript is not usually necessary in an appeal from the grant of a motion for summary judgment. [Cit.]" *Baker v. Brannen/Goddard Co.*, supra at 747 (1). Moreover, it is no longer true that, on appeal from the grant of summary judgment, the appellate courts conduct "a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cits.]" *Youngblood v. Gwinnett Rockdale Newton Community Service Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001). Now, this Court and the Court of Appeals must first study the transcript to determine whether the nonmoving party met the burden imposed by today's opinion to state any and all possible "arguments" in opposition to the motion.

It is abundantly clear that precedent compels a reversal of the Court of Appeals' judgment, and a remand of the case to that Court with direction that it consider the merits of Ms. Pfeiffer's arguments in opposition to DOT's motion for summary judgment. Because the majority fails to follow that established course, I dissent.

I am authorized to state that Justice Benham and Justice Hunstein join in this dissent.

DECIDED NOVEMBER 26, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Ford & Barnhart, James L. Ford, Sr., Peek, Cobb, Edwards & Ashton, Thomas S. Edwards, Jr.*, for appellant.

*Bondurant, Mixson & Elmore, Frank M. Lowrey IV, Whelchel, Brown, Readdick & Bumgartner, J. Thomas Whelchel*, for appellee.
*Reynolds & McArthur, Charles M. Cork III*, amicus curiae.